GEORGE G. JOLLIFFE *et al. v.* FIRST NATIONAL BANK OF
GRAFTON *et al.*

(No. 9445)

Submitted September 21, 1943. Decided November 16, 1943.

*Kittle & Kittle,* for appellants.
*G. W. Ford* and *Harry Friedman,* for appellees.

KENNA, JUDGE:

This proceeding was brought in the Circuit Court of
Taylor County by George G. Jolliffe and Janice Jolliffe,

his wife, against the First National Bank of Grafton and others for the purpose of having removed as a cloud upon their title to a certain improved lot in the City of Grafton a deed of trust made by them to E. Bailey Wychoff, trustee, to secure George G. Jolliffe's note for twenty-five hundred dollars made payable to O. E. Wychoff, its date corresponding to that of the deed of trust, November 20, 1936, and to cancel the note thereby secured because neither the deed of trust nor the note constituted a binding contract due to the fact that there was no valuable consideration to sustain either. Upon the incoming of answers of the First National Bank of Grafton and of the Reconstruction Finance Corporation and after the taking of proof in the form of depositions, the judge of the Circuit Court of Taylor County, believing himself disqualified, transferred the cause to the Circuit Court of Marion County. Upon final consideration that court entered a final order dissolving a temporary injunction that had been awarded and dismissed plaintiffs' bill of complaint. From that decree this Court granted this appeal upon the petition of the complainants below.

There is little conflict concerning the material matters of fact, which, for the purposes of this submission may be stated as follows: Prior to 1932 George L. Jolliffe, then fifty-nine years of age, was engaged in a general mercantile business in a building owned by him located in the City of Grafton. His business had grown and prospered, but at that particular time had undergone severe recent setbacks, including a loss by fire. His banking business was with the First National Bank of Grafton to which he was indebted in the sum of thirteen thousand dollars partly secured by a deed of trust on the building occupied by his business and partly by collateral. The property on Maple Avenue, here in controversy, was then owned by him and was apparently unencumbered.

On December 20, 1932, George L. Jolliffe and wife, for a recited consideration of five hundred dollars, conveyed lot five in the Lilly Addition, being the property here in

controversy, to his son George G. Jolliffe, the transfer now admitted to have been a gift. George G. Jolliffe at that time was employed by his father and for a number of years had been occupying the dwelling located upon the property conveyed.

Promptly upon learning of the transfer, the First National Bank of Grafton threatened a chancery proceeding for the purpose of having the conveyance to George G. Jolliffe declared to be voluntary and made for the purpose of hindering and delaying creditors of the grantor. This threat led to negotiations that culminated in the Bank's agreeing not to sue in exchange for George L. Jolliffe, Mamie E. Jolliffe his wife, and George G. Jolliffe becoming co-makers of a thirty day note in the amount of thirteen thousand dollars payable to George L. Jolliffe who indorsed it and delivered it to the Bank. Apparently the note in question was renewed without curtailment every thirty days until the early part of the year 1936.

On April 30, 1936, George L. Jolliffe, the father, applied to the Reconstruction Finance Corporation for a loan of thirty thousand dollars. Apparently this was done through the First National Bank of Grafton in the form of what would have resulted in a participating application. This application was refused.

On November 16, 1936, the Board of Directors of the First National Bank formally approved, by resolution spread upon its minutes, a loan of twenty-five thousand dollars to George L. Jolliffe to be secured substantially as was the amount then owed by him to the Bank. The Bank agreed to advance, in participation with the RFC, twenty per cent of the amount of the loan, the RFC to advance the remaining eighty per cent thereof. On November 20, 1936, this approval was followed by the application of George L. Jolliffe to the Bank on an RFC approved form for the loan of twenty-five thousand dollars.

When this application was received by the RFC it declined to act favorably upon it, but upon the First National Bank of Grafton calling its office at Richmond it did

agree to advance seventy per cent, instead of eighty per cent, of the amount of the loan, provided that the Bank of Grafton would advance the remaining thirty per cent. Since it had been agreed that in the event of the loan becoming effective Jolliffe would discharge his indebtedness to the Bank, amounting to a little over thirteen thousand dollars, out of the proceeds of the loan, it would seem that good banking practice interested the Bank in having the loan approved and at the same time did not favor increasing its percentage of participation. Therefore, in order to meet the situation thus created and to supply the Bank with additional security to cover its additional participation in the loan, the First National Bank informed Jolliffe that it would participate to the extent of thirty per cent provided he would furnish as additional security to it only, a note for twenty-five hundred dollars secured by deed of trust upon the Maple Avenue property, title to which stood in the name of his son, George G. Jolliffe; this in spite of the fact that it had given its written assurance to the Reconstruction Finance Corporation that the collateral and security listed in the application which Jolliffe had executed was the entire security covering the loan. The apparent purpose of this assurance was to cause the Bank, acquainted with local values, to assume the same risk as the Reconstruction Finance Corporation and to avoid the exact situation which arose in this case. It will be noted that the application when signed contained no misstatement, but when accepted by RFC the Bank had increased the security held by it, which fact it did not report.

On November 20, 1936, George L. Jolliffe executed to the First National Bank of Grafton his note for twenty-five thousand dollars which, together with the security therefor, was delivered to the Reconstruction Finance Corporation.

On the same day the First National Bank of Grafton procured from George G. Jolliffe and Janice V. Jolliffe a note for twenty-five hundred dollars made payable to

O. E. Wyckoff in ninety days and a deed of trust on the Maple Avenue property made to E. Bailey Wyckoff as trustee. On December the seventh the loan was closed and on the twenty-third O. E. Wyckoff delivered the deed of trust and note to the Bank.

On June 10, 1938, George L. Jolliffe filed a voluntary petition in bankruptcy and on January 1, 1939, George G. Jolliffe, in writing, demanded that the Reconstruction Finance Corporation instruct the First National Bank of Grafton to surrender his note for twenty-five hundred dollars and release the deed of trust securing it since there was no consideration moving from the payee, O. E. Wyckoff, to him to sustain its validity. Apparently this letter gave the Reconstruction Finance Corporation the first information concerning the additional security that the Bank had procured.

On March 10, 1939, the Central Trust Company of Charleston, named as trustee in the deed of trust executed by George L. Jolliffe conveying his business property to secure the participating loan of twenty-five thousand dollars, sold that property for the amount of ten thousand dollars leaving unpaid seventeen thousand eight hundred sixty-nine dollars and eighty-nine cents.

On July 5, 1939, the First National Bank of Grafton, acting on the advice of counsel, forwarded to the Reconstruction Finance Corporation the note and deed of trust of George G. Jolliffe.

There is but one specific assignment of error contained in the appellant's petition, and that is to the effect that the trial chancellor erred in decreeing that the note for twenty-five hundred dollars executed by George G. Jolliffe to the order of O. E. Wyckoff, payable in ninety days and dated the 20th day of November, 1936, and the deed of trust securing the same, were both based upon a valuable consideration and enforceable. The position of the appellant is that there was no valid consideration moving from O. E. Wyckoff, payee of the note in question, to the maker thereof and that any consideration moving from

the First National Bank of Grafton to George G. Jolliffe should not be considered because to do so would validate a transaction in the course of which that Bank had violated its written assurance to the Reconstruction Finance Corporation that it had received no security in addition to that which it was forwarding to that Corporation for the participating twenty-five thousand dollar loan. As a related question appellant urges that to enforce the deed of trust and the note it secures would be contrary to sound public policy.

We believe that the circumstances shown by this record clearly establish the fact that O. E. Wyckoff was acting for the First National Bank of Grafton simply as a formal intermediary payee. The Bank apparently did not wish its name to appear in the transaction for fear the RFC would thereby become aware of the false statement contained in the Bank's certification to it. That being so it is, of course, unnecessary to show that a valuable consideration moved directly from Wyckoff to the maker of the note. It was the Bank's transaction; not Wyckoff's. This was understood by all concerned. The consideration which moved from the Bank to George G. Jolliffe was the extension of additional credit, as well as the time of payment, to him and his father, George L. Jolliffe, both being makers of the thirteen thousand dollar note which was to be absorbed by the twenty-five thousand dollar loan. The record seems comparatively clear to the effect that the RFC would not advance more than seventy per cent of the twenty-five thousand dollar loan, and that the First National Bank of Grafton declined to advance thirty per cent without additional collateral. Its agreement to do so under the circumstances, we think, was a valuable consideration moving to George G. Jolliffe for the additional security furnished by him.

Before discussing the second phase of the assignment of error we wish again to comment upon the fact that George G. Jolliffe, the son, was in no sense a direct participant in the twenty-five thousand dollar loan from the

RFC and the First National Bank of Grafton. George L. Jolliffe, his father, received that money and was the party to that contract. There was no contractual relationship in contemplation between George G. Jolliffe and the Reconstruction Finance Corporation. The understanding between the First National Bank of Grafton and the RFC is not under attack in this proceeding. To the contrary, their interests correspond. The question of liability or of responsibility for the statements contained in the certificate addressed to the Reconstruction Finance Corporation and signed by the First National Bank of Grafton we believe lies between them. This record shows that the Reconstruction Finance Corporation is now in full possession of the facts, has received the formerly withheld note of George G. Jolliffe, and is undertaking in this cause to enforce its payment. This is sufficient to constitute acquiescence in and ratification of the course taken by the First National Bank of Grafton. We do not regard it as necessary in the light of what has already been said to discuss the question of public policy. It is true that on the one hand we have an admitted misstatement, but on the other, we would have the approved evasion of what would otherwise be an admittedly honored debt by a person in no wise hurt by a now corrected deception.

On the basis of what has been said the decree of the Circuit Court of Marion County directing the enforcement of the deed of trust from George G. Jolliffe and wife to E. Bailey Wyckoff, Trustee, dated November 20, 1936, is affirmed and the cause remanded.

*Affirmed.*