JACK J. CARLISLE AND WIFE, JEANETTE H. CARLISLE v. THE COMMODORE CORPORATION AND KENNETH WOOTEN, JR., SUBSTITUTE TRUSTEE
— AND —
UNIVERSITY GARDEN APARTMENTS, INC. v. KENNETH WOOTEN, JR., SUBSTITUTE TRUSTEE, AND THE COMMODORE CORPORATION

No. 7215SC342

(Filed 23 August 1972)

1. **Mortgages and Deeds of Trust § 1— pre-existing contingent obligation — consideration — sufficiency**

    A pre-existing contingent obligation as guarantor on a note is sufficient consideration to support the execution of a mortgage or deed of trust to secure performance of the contingent obligation.

2. **Mortgages and Deeds of Trust § 1— advancement of loan funds — execution of deed of trust — sufficient consideration**

    Where lender had the right to discontinue advancement on its loan to borrower if additional guarantee were not furnished in accordance with provisions of the original loan agreement, but such advancements were continued upon the execution of a deed of trust by an affiliate of borrower, there was adequate consideration to support the execution of such deed of trust.

3. **Mortgages and Deeds of Trust § 29— foreclosure sale — failure to allow ten days for filing of upset bids**

    The trial court erred in directing a trustee who had been restrained from completing foreclosure proceedings to convey the properties "in accordance with the foreclosure proceeding thus far" where the evidence showed that only nine days had elapsed between the date of the sale of the properties and the date the trustee was restrained, and the evidence did not show when, if ever, the trustee had filed his report of the foreclosure sale with the Clerk of Superior Court.

APPEAL by plaintiffs from a Judgment entered by *Hobgood, Judge,* on 6 December 1971, following a hearing at the 20 September 1971 Session of Superior Court held in ORANGE County.

These two actions, consolidated for trial and appeal, were instituted by plaintiffs, University Garden Apartments, Inc., and Jack Carlisle and wife (respectively), seeking to restrain and enjoin defendants, Kenneth Wooten, Jr., Substitute Trustee, and the Commodore Corporation, from proceeding with foreclosure under the power of sale contained in two deeds of trust upon the plaintiffs' land.

Mr. and Mrs. Carlisle alleged that on 28 July 1969 Diversified Mobile Homes, Inc., (Diversified) executed and delivered to Commodore a promissory note in the sum of $250,000, for which promissory note they signed a guaranty. The said note resulted from a contract or agreement between Diversified and Commodore, in which it was provided that loan funds were to be disbursed in installments by Commodore as follows:

> $125,000 on or about August 1, 1969;
> $ 50,000 on or about September 1, 1969;
> $ 50,000 on or about October 1, 1969;
> $ 25,000 on or about November 1, 1969.

All plaintiffs alleged that Commodore disbursed the sum of $175,000 to Diversified according to schedule; that on or about 1 September 1969 Commodore threatened to discontinue the remaining disbursements per scheduled agreement, unless plaintiffs would execute deeds of trust upon their property to the benefit of Commodore; that on or about 21 November 1969 plaintiffs executed the purported deeds of trust as a result of threats and illegal coercion, which execution was without consideration; and that upon alleged default by Diversified on the payment of some portion of the aforementioned note and agreement, defendant trustee commenced foreclosure proceedings and held a foreclosure sale of plaintiffs' properties on 23 September 1970.

Commodore Corporation admitted the loan transaction in the sum of $250,000, with plaintiffs' guarantee, and the note between itself and Diversified, of which plaintiff Jack Carlisle was principal stockholder and President. Commodore admitted disbursements of $175,000 under the said note to Diversified

and admitted the subsequent execution of the deeds of trust by plaintiffs, at which time Commodore further disbursed $75,000 to Diversified. It alleged that Diversified had filed in bankruptcy on 13 August 1970 and that foreclosure on the deeds of trust was begun by the defendant-trustee after due demand for payment of the balance due on the note. The foreclosure proceeding was stayed by temporary restraining order, entered 2 October 1970, and preliminary injunction, entered 10 November 1970, until the cause was heard on its merits by Judge Hobgood at the 20 September 1971 Session. After hearing the evidence Judge Hobgood made findings of fact and conclusions of law. He entered judgment dismissing plaintiffs' actions and directing the substitute trustee to convey the properties "in accordance with the foreclosure proceedings thus far." Plaintiffs appealed.

*Hatch, Little, Bunn, Jones & Few, by E. Richard Jones, Jr., for plaintiffs.*

*Bailey, Dixon, Wooten & McDonald, by Wright T. Dixon, Jr., and Ralph McDonald, for defendants.*

BROCK, Judge.

Plaintiffs assign as error that two of the trial court's findings of fact, findings numbers 8 and 10, are unsupported and contrary to the evidence. A review of the record on appeal shows that although the evidence is conflicting there was evidence to support the findings and they will not be disturbed. These assignments of error are overruled.

Plaintiff-appellants assign as error the following conclusions of the trial court:

"1. That the instruments recorded in Book 223 at page 432 and Book 223 at page 428 of the Orange County Registry are properly executed, acknowledged and registered deeds of trust and are valid conveyances of land for the purposes expressed therein.

"2. That both deeds of trust are under seal and contain recitals of receipt of valuable consideration which are binding upon the original parties thereto.

Carlisle v. Commodore Corp. and Apartments v. Wooten

"3. That both deeds of trust were in fact supported by valuable consideration in that $75,000.00 was advanced by The Commodore Corporation to Diversified Mobile Homes, Inc. in reliance upon the security they provided for personal guaranties of the total obligation of Diversified Mobile Homes, Inc. to The Commodore Corporation.

"4. That the plaintiffs have failed to carry their burden of proof in showing that execution of the deeds of trust was procured by fraud, duress or undue influence.

"5. That a deed of trust is a conveyance and not an executory contract and does not, as between the original parties, require consideration."

Plaintiffs advance no reason or argument, and cite no authority, in support of their assignment of error relative to the court's conclusion that they had failed to carry the burden of proof on their plea of fraud, duress and undue influence. This assignment of error is deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals.

Plaintiffs strenuously argue that the trial court committed error in conclusions numbers 3 and 5. It seems to us that if either conclusion is correct it supports the judgment, and the other conclusion is not necessary. In other words, if the two deeds of trust are supported by valuable consideration, it does not matter if a deed of trust requires none. Conversely, if a deed of trust requires no consideration, it does not matter that the two deeds of trust are supported by valuable consideration.

We do not feel that this case requires a discussion of the distinction between the deed of trust and the obligation it is given to secure. Obviously a contract creating an obligation must be supported by valuable consideration, but it does not seem that an additional consideration is required for the contemporaneous execution of a deed of trust to secure performance of the obligation.

The findings of fact by the trial court establish the following:

The original loan agreement called for the personal guarantee of Mr. & Mrs. Carlisle, and by such of Diversified's subsidiaries or affiliates as Commodore may from time to time request. University Garden Apartments, Inc. is the successor to C. & B. Inc. which was an affiliate of Diversified.

Contemporaneously with the execution by Diversified of the note to Commodore in the amount of $250,000.00, Mr. and Mrs. Carlisle executed a written guaranty of the obligation. Later Commodore called upon Diversified for further guarantee of the loan. As a consequence of Commodore's demand for further guarantee, Mr. and Mrs. Carlisle executed one of the deeds of trust in question, and C. & B. Inc. (predecessor to University Garden Apartments, Inc.) executed the other deed of trust in question.

Plaintiffs argue that both deeds of trust were executed without consideration, and that their foreclosure should be permanently enjoined.

A. The Carlisle Deed of Trust.

[1] It seems clear that a pre-existing debt is sufficient consideration to support a chattel mortgage, *Brown v. Mitchell,* 168 N.C. 312, at 314, 84 S.E. 404; and to support the execution of a mortgage or deed of trust. *Fowle v. McLean,* 168 N.C. 537, at 541, 84 S.E. 852. Does the position of Mr. and Mr. Carlisle as guarantors of a pre-existing debt of a third party constitute a circumstance which would require a new consideration to support their execution of the deed of trust? We think not.

The obligation of Mr. and Mrs. Carlisle as guarantors is very real if the principal fails to pay. The fact that their obligation is contingent does not seem justification for requiring a new consideration. Although we have found no North Carolina cases, and have been cited to none, directly in point, there is secondary authority based upon decisions from other jurisdictions. The following pertinent statement is found in 55 Am. Jur. 2d, Mortgages, § 100, p. 257: "Liability for another on a contract in force is also sufficient consideration for a mortgage, and contingent liability of sureties has been held sufficient consideration for a mortgage given to indemnify them." It seems logical and reasonable to us that contingent liability as surety or guarantor on a pre-existing note is sufficient to support the execution of a mortgage or deed of trust. We hold, therefore, that a pre-existing contingent obligation as guarantor on a note is sufficient consideration to support the execution of a mortgage or deed of trust to secure performance of the contingent obligation. The execution by Mr. and Mrs. Carlisle of the deed of trust in question was supported by adequate consideration.

B. The C. & B., Inc. Deed of Trust.

[2] As a part of the original agreement for the loan from Commodore Corporation to Diversified, Diversified agreed to furnish the guarantee of such of Diversified's affiliates as Commodore may from time to time request. After part of the loan had been advanced according to schedule, Commodore requested that Diversified furnish the guarantee of its affiliate, C. & B., Inc. Diversified secured the execution by C. & B., Inc. of the deed of trust, and Commodore thereafter advanced the remainder of the loan to Diversified.

A sufficient consideration for a mortgage may consist of a forbearance of some legal right by the mortgagee. 55 Am. Jur. 2d, Mortgages, § 100, p. 257. In the instant case Commodore had the right to discontinue the advancements on the loan to Diversified if the additional guarantee were not furnished in accordance with the provisions of the original loan agreement. It is not necessary that consideration flow directly to the mortgagor. The consideration for a mortgage may consist of a loan to a third person. 55 Am. Jur. 2d, Mortgages, § 100, p. 257. In the instant case Diversified received the benefits of the balance of the loan by reason of the C. & B., Inc. deed of trust. We hold there was adequate consideration to support the execution of the deed of trust by C. & B., Inc. We note that the C. & B., Inc. deed of trust was executed by Jack J. Carlisle, as president, and that the instrument recites that Jack J. Carlisle is the sole stockholder in C. & B., Inc.

The assignments of error that the execution of the Carlisle deed of trust and the execution of the C. & B., Inc. deed of trust are not supported by consideration are overruled. The judgment of the trial court dismissing plaintiffs' actions was correct.

[3] Plaintiffs assign as error that the trial judge ordered the substitute trustee to convey the properties described in the deeds of trust "in accordance with the foreclosure proceedings thus far." The parties, as we do, construe this provision to direct the substitute trustee to convey the properties to the person or persons from whom he received bids on 23 September 1970. It is plaintiffs' contention that the bids have not remained open for ten days for an upset bid as required by G.S. 45-21.27.

The trial judge made no findings with respect to when the foreclosure sales were conducted, when the trustee filed his reports of the sales, or how long the bids remained open. However, we find part of this information from the agreed record on appeal. The pretrial stipulations establish that the original foreclosure sales were held on 23 September 1970 at which time the substitute trustee received a high bid of $5,000.00 for the property described in the Carlisle deed of trust and a high bid of $120,000.00 for the property described in the C. & B., Inc. deed of trust. The names of the bidders are not disclosed by this record. The record on appeal establishes that these actions were instituted on 2 October 1970 and temporary restraining orders staying the foreclosure proceedings were entered on 2 October 1970, and the temporary restraining orders were served on the substitute trustee on 2 October 1970.

The issuance and service of the temporary restraining order on the substitute trustee halted all proceedings under the foreclosure and tolled the running of the 10-day statutory period for filing an upset bid. Only nine days elapsed between the date of the sale and the date the substitute trustee was restrained. If the report of sale had been filed on the day of the sale, one day of the statutory 10-day period for filing an upset bid still remains. If the report of sale had been filed on the 5th day after the sale (the maximum time allowed under G.S. 45-21.26), five days of the statutory 10-day period for filing an upset bid still remain. However, there is no evidence of when the substitute trustee filed his report of the 23 September 1970 sale with the Clerk of Superior Court. So far as we can tell from the record on appeal no such report has yet been filed. G.S. 45-21.27 provides that an upset bid may be filed with the Clerk of Superior Court at any time within ten days after the filing of the report of sale. Obviously, if no report of sale has been filed, the ten-day limitation has not begun to run.

Therefore, on the state of this record, the trial court committed error in ordering the substitute trustee to convey the properties "in accordance with the foreclosure proceedings thus far." We hold that the sales made on 23 September 1970 shall remain open for an upset bid for a period of ten days from the date this opinion is certified to the Clerk of Superior Court. If no upset bid is filed within the ten days herein fixed, the

substitute trustee shall proceed to convey the properties as contemplated by G.S. 45-21.29a.

Except as herein modified with respect to holding open the sale for an upset bid, the judgment appealed from is affirmed.

Modified and affirmed.

Judges MORRIS and HEDRICK concur.