298 S.E.2d 853

**Paul J. PITROLO, et al., etc.**

v.

**COMMUNITY BANK & TRUST, N.A., et al.**

No. 15337.

Supreme Court of Appeals of West Virginia.

Dec. 14, 1982.

Robert M. Amos, Fairmont, for appellant.

Furbee, Amos, Webb & Critchfield, Stephen R. Brooks and Hays Webb, Fairmont, for appellees.

PER CURIAM:

This is an appeal by Paul and Janice Pitrolo, husband and wife, from a final order of the Circuit Court of Marion County entered on September 15, 1981. That order denied the appellants' petition for a preliminary injunction to prohibit the appellees from selling certain real estate owned

by the appellants under a "Notice of Trustee's Sale." For the reasons set forth below, we affirm the circuit court.

On November 21, 1979, a business loan in the amount of $400,000.00 was made by Community Bank and Trust, N.A. to Pitrolo Pontiac Cadillac Company. The promissory note was executed by Paul Pitrolo, as President of Pitrolo Pontiac Cadillac Company. On the same date, Mr. and Mrs. Pitrolo executed a "Guarantee of Payment" of the loan and a deed of trust to secure the obligation created by the promissory note. The deed of trust gave as security six acres of land owned by Mr. and Mrs. Pitrolo in Marion County. The purpose of the loan was originally for working capital; however, the use of the money was later amended so that a portion of it could be used to pay an existing debt owed by Pitrolo Pontiac Cadillac Company to Community Bank.

Pitrolo Pontiac Cadillac Company subsequently defaulted in repayment of the loan. On July 22, 1981, Community Bank and Trust filed a civil action in the amount of $389,401.30 plus interest against the company and Mr. and Mrs. Pitrolo as guarantors of the obligation. The company and the Pitrolos answered denying that they owed the alleged amount to Community Bank and Trust and also filed various counterclaims against the Bank. Pursuant to the default, appellee Alfred Lemley was instructed by the Bank to foreclose under the deed of trust. The date of the foreclosure sale was set for September 14, 1981 and the required notice was published. Before the sale could be held, the appellants filed a petition for an injunction in the Circuit Court of Marion County to prohibit the sale. The three grounds alleged in support of the petition were set forth in the circuit court's memorandum of opinion:

"(1) No note or bond establishing a debt owed by plaintiffs to defendants was requested or executed, hence the Deed of Trust ... is defeated as collateral.

"(2) The rate of interest charged and shown on the Deed of Trust is usurious.

"(3) The defendant bank, in instituting a civil action ... against the plaintiffs herein, has made an election of remedies, and is thus barred from proceeding by sale under the Deed of Trust."

After hearing limited evidence the court made findings of fact and conclusions of law. Judgment was entered denying the appellants' petition for injunction. It is from this final order that appeal is now taken.

The appellants' principal assertions on appeal appear to be that since the promissory note in question was made by Pitrolo Pontiac Cadillac Company, they cannot be personally liable for the debt and that their deed of trust was executed by them without consideration, the loan proceeds having gone to the corporation.

 The appellants' assertion that they are not liable on the note since it was primarily a corporate note misconceives our commercial law. The note is contained in the record and appellants' status is plainly that of accommodation guarantors.[1] In *First National Bank of Ceredo v. Linn,* 168 W.Va. 76, 282 S.E.2d 52 (1981), we dealt with two individuals who had indorsed a note which their corporation had guaranteed. Because of the ambiguous character of their indorsement we concluded they were accommodation indorsers. Here, the quoted language of the guarantee of payment as appended to the note clearly demonstrates that they were sign-

---

1. The relevant portion of the "Guarantee of Payment" as appended to the promissory note is:
 "GUARANTEE OF PAYMENT
 "I/We hereby guarantee to
 "COMMUNITY BANK AND TRUST, N.A.
 "FAIRMONT, WEST VIRGINIA 26554
 "the prompt payment, when due, of each and every claim and demand now existing or hereafter arising owing to said

"COMMUNITY BANK AND TRUST, N.A.
against Pitrolo Pontiac Cadillac Company

"in consideration of the extension of credit by said bank at my/our request to said debtor(s).
 "This is an absolute, unconditional and continuing guarantee of payment and shall remain in full force and effect until revoked by written notice received by said bank."

ing as guarantors. We pointed out in *Linn, supra,* 168 W.Va. at 82–83, 282 S.E.2d at 55–56 that:

> "W.Va.Code, 46–3–415, sets out the contract of an accommodation party.[8] The official comment under this section makes it clear that in order to determine the exact nature of the liability of an accommodation party, it is first necessary to determine the capacity in which he signed the instrument since there can be accommodation makers, guarantors, indorsers, etc:
>
> > 'His obligation is therefore determined by the capacity in which he signs. An accommodation maker or acceptor is bound on the instrument without any resort to his principal, while an accommodation indorser may be liable only after presentment, notice of dishonor and protest.' "

[8] W.Va.Code, 46–3–415, provides:

"(1) An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.

"(2) When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation.

"(3) As against a holder in due course and without notice of the accommodation oral proof of the accommodation is not admissible to give the accommodation party the benefit of discharges dependent on his character as such. In other cases the accommodation character may be shown by oral proof.

"(4) An indorsement which shows that it is not in the chain of title is notice of its accommodation character.

"(5) An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party."

The fact that a party signs an instrument but does not receive any direct renumeration or consideration for signing does not relieve him of liability; it merely establishes him as an accommodation party under *W.Va.Code,* 46–3–415. His precise obligations and rights are then determined by the further inquiry discussed in the above quotation from *Linn, supra,* by the capacity in which he signs. This principle was summarized in syllabus point 3 of *Linn:*

> "In order to determine the exact nature of the liability of an accommodation party, it is first necessary to determine the capacity in which he signed the instrument."

From the foregoing it is clear that appellants are liable as accommodation guarantors, *see W.Va.Code,* 46–3–416, and the bank could properly proceed against them as well as the corporation.

■ The appellants' assertion that they are not liable because there was no consideration for the execution of their deed of trust is meritless. The well-established rule is that the liability of an accommodation maker is supported by the consideration which flows from the creditor to the principal debtor and the fact that no consideration flowed directly to the accommodation indorser [guarantor] is irrelevant. *See, e.g., Gavin v. Hinrichs,* 375 So.2d 1063 (Ala.1979); *Lewis v. Citizens & Southern National Bank,* 139 Ga.App. 855, 229 S.E.2d 765 (1976); *Burke v. Burke,* 89 Ill. App.3d 826, 45 Ill.Dec. 71, 412 N.E.2d 204 (1980); *Guaranty Bank & Trust Co. v. Carter,* La.App., 394 So.2d 701 (1981); *Hybertsen v. Reimann,* 262 Or. 116, 496 P.2d 917 (1972).

In his treatise on the Uniform Commercial Code, Anderson interprets § 3–415 as follows:

> "The fact that an accommodation party did not receive any consideration is immaterial. The fact that the maker of the note and not the accommodation maker received the consideration is not a defense to the accommodator.
>
> "An accommodation party cannot claim that there is no consideration for his accommodation as the value received by the principal debtor, the person accommodated, is the consideration for which the accommodation party lends his credit." 2 Anderson, Uniform Commercial Code § 3–415:8, p. 1002 (2d ed. 1971).

In *Carlisle v. Commodore Corp.,* 15 N.C.App. 650, 190 S.E.2d 703 (1972), the North Carolina court held that a deed of trust executed contemporaneously with a contract to secure performance of the contract obligation, need not be supported by

additional consideration. The facts of *Carlisle* are very similar to those in the case before us. Mr. Carlisle was the principal stockholder and President of Diversified Mobile Homes, Inc. which executed a $250,-000.00 promissory note to Commodore Corporation. At the time of execution, Mr. and Mrs. Carlisle signed a guaranty. The Carlisles subsequently (four months later) executed a deed of trust for further guarantee of the loan to Diversified and when Diversified declared bankruptcy, foreclosure proceedings were begun by the trustee. On appeal, the Carlisles sought to permanently prohibit such foreclosure on the grounds that, *inter alia,* the deed of trust was executed without consideration.

The court dismissed this argument and held that "a pre-existing contingent obligation as guarantor on a note is sufficient consideration to support the execution of a mortgage or deed of trust to secure performance of the contingent obligation." 15 N.C.App. at 654, 190 S.E.2d at 706.

This Court used much the same reasoning in the case of *Jolliffe v. First National Bank of Grafton,* 126 W.Va. 273, 27 S.E.2d 710 (1943). There George G. Jolliffe, son of George L. Jolliffe, executed a note and deed of trust securing the same on his own property as security for a loan made to his father by the First National Bank of Grafton and the Reconstruction Finance Corporation. The father had already given certain collateral for the loan. His son's note and deed of trust were merely additional security. The note and deed of trust from George G. Jolliffe were made to one O.E. Wyckoff who the Court determined was acting for the Bank simply as a formal intermediary payee. When the father subsequently declared bankruptcy and was unable to repay the loan the Bank forwarded the son's note and deed of trust to the Reconstruction Finance Corporation for enforcement of the same.

On appeal the son and his wife argued that there was no valuable consideration moving to them from O.E. Wyckoff, the payee of the note and agent of the Bank, or from the Bank itself. In syllabus point 1 the Court disposed of this argument:

"Where it is understood between the maker and the payee of a negotiable note to be secured by deed of trust that the payee is acting as agent on behalf of a bank and that credit is being extended by the bank at the request of the maker to a third person with the understanding that the note will be transferred by the payee to the bank and used as collateral to secure the loan, it is not necessary that a consideration move from the payee of the note to the maker, the credit advanced by the bank to the third person at the request of the maker being sufficient to support the note and deed of trust."

Syllabus point 2 of *Jolliffe* is also relevant:

"The extension of credit to a third person is sufficient consideration to support the enforceability of a promissory note, the understood purpose of which is to furnish collateral security for the credit so extended."

We adopt this reasoning and applying it to the case before us, we conclude that there was adequate consideration for the execution of the Pitrolos' deed of trust and that they are liable as guarantors of the note executed by Pitrolo Pontiac Cadillac Company.

The appellants assign numerous other errors in their brief, but having reviewed the same, we find them to be without merit. Accordingly, the judgment of the Circuit Court of Marion County denying the appellants' petition for an injunction is affirmed.

Affirmed.