**NORTHWEST ACCEPTANCE CORPORATION, Plaintiff,**

v.

**Martin E. MASON, et al, Defendants.**

**Civ. A. No. 82–2275.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Oct. 19, 1983.

Joyce F. Ofsa, Marshall C. Spradling, Spilman, Thomas Battle & Klostermeyer, Charleston, W.Va., for plaintiff.

Christopher S. Smith, Hoyer, Hoyer & Berthold, Charleston, W.Va., for Ball, Der and Lee Mar, Inc.

P. Michael Pleska, Charleston, W.Va., for Cecil I. Walker Machinery.

---

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

### I. *Background*

Pending before the Court is Defendant Cecil I. Walker Machinery Company's motion for summary judgment as to Count VII of the Second Amended Complaint, the only count in which Walker Machinery is named as a Defendant. Before discussing the merits of the instant motion, the Court will outline the facts of this case and the relationship of the various parties to this action.

### A. *The Parties.*

Northwest Acceptance Corporation is an Oregon corporation authorized to do business in West Virginia.

Martin E. Mason is a Maryland resident and is a limited partner in Orgas, Ltd., a Maryland limited partnership engaged in coal mining operations in West Virginia. Mason is also Secretary and Vice President of Lee Mar, Inc., a Maryland corporation, that is the corporate general partner of Orgas, Ltd.

Lee P. Der is a Maryland resident, a limited partner in Orgas, Ltd., and is President and Treasurer of Lee Mar, Inc.

Roger L. Ball is a West Virginia resident and general partner in Orgas, Ltd.

Cecil I. Walker Machinery Company is a West Virginia corporation engaged in the business of selling heavy earth-moving equipment.

### B. *Facts.*

In April and May of 1980, Walker Machinery sold to Orgas, Ltd. three pieces of Caterpiller heavy equipment, a D7G tractor, a 12G motor grader and a D8K tractor for use by Orgas, Ltd. in its mining operations. In consideration for the sale and delivery of this equipment to Orgas, Ltd., Orgas Ltd. executed, and Der and Mason signed as co-makers, three negotiable promissory notes totalling $269,919.10 in favor of Walker Machinery. On June 24, 1980, Walker Machinery assigned to Plaintiff, without recourse, the three promissory notes. In assigning the notes to Plaintiff, Walker Machinery warranted that the notes were enforceable and supported by consideration. Subsequent to these assignments, (the notes were transferred to Plaintiff by three separate assignments) Plaintiff secured from Der, Ball and Lee Mar, Inc. three jointly executed guaranty agreements wherein the guarantors agreed to discharge the obligations created by the notes.

On January 6, 1982, Orgas, Ltd. defaulted on the payments due Plaintiff under the notes, which at the time of default totalled $217,858.22. On March 8, 1982, Orgas, Ltd. filed a voluntary petition in the United States Bankruptcy Court for the Southern District of West Virginia, seeking relief under Chapter 11 of the Bankruptcy Code. The Bankruptcy Court ordered Orgas, Ltd. to surrender the three pieces of earth-moving equipment to Plaintiff and directed Plaintiff to sell the equipment and subtract the proceeds from the amount due Plaintiff. After the public auction and sale conducted by Plaintiff on July 9, 1982, there remained a deficiency of $107,707.10 on the notes. Plaintiff made a demand for this amount upon Der and Mason as co-makers and upon Der, Ball and Lee Mar, Inc. as guarantors. Der, Ball, Mason and Lee Mar, Inc. refused to pay Plaintiff any amounts on the promissory notes or the guaranties.

Plaintiff instituted this action on June 11, 1982, naming Lee Mar, Inc., Ball and Der as Defendants. Der answered the complaint and alleged that he did not execute any of the guaranties and that "he did not sign

272

any of the documents attached to or referred to in the plaintiff's complaint, and that such signatures are forgeries." Der Answer at ¶¶ 2 and 10. Based upon Der's allegation that the notes given to it by Walker Machinery contained forged signatures, Plaintiff filed an amended complaint which added a claim against Walker Machinery for its alleged breach of its warranty that the promissory notes were "genuine, collectible and enforceable." *See* Plaintiff's Amended Complaint at Count VII. Count VII was expanded in the Second Amended Complaint to include the allegation, based on Der's answer to the First Amended Complaint that because there was no consideration given for the execution of the promissory notes, Walker breached its warranty that the notes were enforceable.

In summary, then, Walker Machinery has been brought into this action on the Plaintiff's claim that Walker Machinery has breached its warranty that the notes assigned by Walker Machinery to Plaintiff are "genuine, collectible and enforceable." The Plaintiff's allegation that Walker has breached its warranty is, in turn, based on Der's answers to the Complaint and First Amended Complaint wherein he asserted that his alleged signature on the notes was forged and that he received no consideration in exchange for executing the notes. Consequently, the merits of Walker Machinery's motion for summary judgment depends on whether there is a genuine issue as to any material fact concerning these two defenses asserted by Der which form the basis of Plaintiff's claim against Walker Machinery. *See Rule* 56(b) of the Federal Rules of Civil Procedure; *Utility Control Corp. v. Prince William Construction Company, Inc.,* 558 F.2d 716 (4th Cir.1977).

## II. *The Forgery Defense*

The only basis for the Plaintiff's claim that the promissory notes assigned to it by Walker Machinery bear forged signatures is Der's allegation in his original answer, quoted *supra,* that his signature was forged

on the promissory notes and the guaranties. This defense has been effectively mooted by Der's retraction of this allegation as it pertains to the promissory notes. In Der's answers to the First Amended Complaint and the Second Amended Complaint Der admitted that he signed the promissory notes. In paragraph 3 of his answers to both amended complaints, Der admitted that he "signed as co-maker on the negotiable promissory notes . . . ." In his amended answers Der also admitted the allegations contained in paragraphs 10, 24 and 38 of the amended complaints, each of which paragraphs alleged Der signed the promissory notes as a co-maker. Further, Der's answers to Plaintiff's interrogatory number 46 makes it clear that Der challenges only the genuineness of his signature on the *guaranty agreements* obtained by Plaintiff from Der, Ball and Lee Mar, Inc. and does not contest the authenticity of his signature on the *promissory notes* assigned from Walker Machinery to Plaintiff.[1]

█ Inasmuch as Walker Machinery's warranty of enforceability went only to the promissory notes and not to any guaranty agreements subsequently obtained by Plaintiff, it is clear that Der's allegation of forgery in relation to the guaranties cannot serve as a defense to the validity and enforceability of the promissory notes. It follows, then, that Walker Machinery is not liable to Plaintiff for any irregularities relating to the execution of the guaranty agreements and that Walker Machinery has not breached its warranty of enforceability insofar as the authenticity of Der's signature on the promissory notes are concerned.

## III. *Lack of Consideration Defense*

Plaintiff's allegation that Walker Machinery has breached its warranty of enforceability because the promissory notes were not supported by consideration fails as a matter of law. As noted above, Plain-

---

1. Plaintiff's interrogatory number 46 read: "Do you know or believe your purported signature on the subject notes, security agreements and guarantees [sic] subject to this action to be authentic?" Der answered as follows: "Lee P. Der's signature on the notes referred to . . . is authentic; Lee P. Der's signature on the guaranty agreements is not authentic".

tiff's claim is based on Der's assertion that he received no consideration for executing the promissory notes and that, therefore, they are not enforceable against him. This argument is wholly without merit.

■ Der signed the promissory notes as a co-maker to secure delivery of the equipment to Orgas, Ltd., a mining company of which he is a limited partner. Der, then, was an accommodation party to the contract between the principal debtor, Orgas, Ltd., and Walker Machinery. *See W.Va. Code,* § 46–3–415(1); *Pitrolo v. Community Bank and Trust, N.A.,* 298 S.E.2d 853 (W.Va.1982); *First National Bank of Ceredo v. Linn,* 282 S.E.2d 52 (W.Va.1981). "The well-established rule is that the liability of an accommodation maker is supported by the consideration which flows from the creditor to the principal debtor and the fact that no consideration flowed directly to the accommodation indorser [guarantor] is irrelevant." *Pitrolo v. Community Bank and Trust, N.A.,* 298 S.E.2d at 856. Therefore, Der's defense, and Plaintiff's claim against Walker Machinery, based on lack of consideration fails as a matter of law because the transfer of the two tractors and the grader to Orgas, Ltd. constituted consideration to both Orgas, Ltd. and Der.

### IV. *Conclusion*

It being apparent from the foregoing discussion that there exists no genuine issue as to any material fact relating to Plaintiff's claim against Walker Machinery, and that no further inquiry into the facts is necessary to clarify the application of the law,[2] the Court hereby grants Walker Machinery's motion for summary judgment.

---

**2.** This Court will grant summary judgment only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. *Prete v. Royal Globe Insurance Company,* 533 F.Supp. 332, 333 n. 2 (N.D.W.Va.1982).