**In re Barbara A. DiCELLO, SS#: 176–30–6147, Debtor.**

**Bankruptcy No. 87–02245–S07.**

United States Bankruptcy Court, E.D. North Carolina.

Dec. 28, 1987.

Barbara A. DiCello, pro se.

Harold P. Laing, Wilmington, N.C., for Commercial Credit Loans, Inc.

Trawick H. Stubbs, Jr., New Bern, N.C., Trustee.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the "Motion to Modify Stay" filed on October 30, 1987, by Commercial Credit Loans, Inc. ("CCL"), the holder of a second deed of trust on real property owned by the debtor, asking that the automatic stay be modified to permit the completion of foreclosure proceedings on the property which is the subject of CCL's deed of trust. After proper notice, a hearing was held in Raleigh, North Carolina, on November 16, 1987. At the conclusion of the hearing, the court took the matter under advisement pending receipt of the chapter 13 trustee's recommendation with respect to the motion.

## JURISDICTION

This bankruptcy court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (G), which this court may hear and determine.

## FACTS

The relevant facts are relatively simple and essentially undisputed. The property in question is the debtor's residence located in Wilmington, North Carolina, which is subject to a first deed of trust in favor of Fleet Funding Home Mortgage and a second deed of trust in favor of CCL. Approximately $29,500 was owed on the first deed of trust as of September 8, 1987, the date the debtor's chapter 13 petition was filed and between $17,000 and $18,000 was owed on the second deed of trust (including interest and legal fees) as of that same date.

Prior to the debtor's filing of her bankruptcy petition, CCL foreclosed on its second deed of trust pursuant to Chapter 45 of the North Carolina General Statutes and, pursuant to an order of the Clerk of Superior Court of New Hanover County, a foreclosure sale on the property was conducted. Several upset bids were filed and resales held until the last resale was held on August 28, 1987, at which the high bidder was Paul W. Woodbury in the amount of $20,-944.40. Also on August 28, 1987, the report of the sale was filed in New Hanover County, thereby commencing the ten day period during which upset bids may be submitted pursuant to N.C.GEN.STAT. § 45–21.27 and during which the debtor may exercise her right of redemption. On September 8, 1987, the day the ten day period was to expire, the debtor filed a *pro se* petition with this court for relief under chapter 13 of the Bankruptcy Code.

The debtor's chapter 13 plan proposes payments to the trustee of $200 per month for thirty-six months and for her obligation on the deed of trust to CCL to be deaccelerated with the arrearages to be paid through the trustee under the plan and the regular payments to be made directly by the debtor to CCL. The deed of trust on behalf of CCL was recorded May 24, 1985, and provides for monthly payments of $187.14 over a period of ten years. The trustee reports that CCL's arrearage claim is approximately $7,500. No confirmation hearing on the debtor's plan has yet been held.

## DISCUSSION AND CONCLUSIONS

CCL's motion presents the following two issues which the court will address in sequence: (1) does 11 U.S.C. § 1322(b)(5) permit the debtor to cure the default on her deed of trust and reinstate its original terms when the debtor's chapter 13 petition was not filed until after a foreclosure sale had been held? and (2) may the debtor exercise her right of redemption under North Carolina law when her chapter 13 petition was filed on the day her right of redemption under state law was to have expired and when sixty days have passed from the date the petition was filed?

Under 11 U.S.C. § 1322(b)(5), a chapter 13 plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." Because the statute does not specifically address the question, *see In re Glenn*, 760 F.2d 1428, 1435 (6th Cir.), *cert. denied*, 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985), the courts have frequently been asked to determine at what point in the foreclosure process does the right to cure a default under § 1322(b)(5) terminate. It is generally agreed that the mere fact that a mortgage debt has been accelerated pursuant to the terms of the mortgage contract does not prevent a debtor from resorting to § 1322(b)(5) to cure the default and reinstate the original terms of the mortgage. *See Matter of Roach*, 824 F.2d 1370, 1373 (3rd Cir.1987). However, no court of appeals has held that a default may be cured during a redemption period following a foreclosure sale. *Id.*

In *In re Glenn*, the Sixth Circuit held that the right to cure a default under § 1322(b)(5) terminated when a foreclosure sale was held even though the statutory redemption period had not run. The court in *Glenn* acknowledged that its cutoff date represented a "compromise" which, in its view, struck the best balance between the two competing goals of safeguarding the interests of lenders so as to not discourage home mortgage loans and protecting and rehabilitating debtors. The Sixth Circuit indicated that it would apply its cutoff date uniformly without regard to distinctions in the foreclosure laws of different states.

In *Matter of Roach*, 824 F.2d 1370 (3rd Cir.1987), the Third Circuit, unlike the Sixth Circuit in *Glenn*, held that it was necessary to refer to state law in determining the point in the foreclosure process at which the right to cure a default under § 1322(b) terminates. The court held that, with respect to property located in New Jersey, that right ended upon entry of a foreclosure judgment because such a judgment "establishes rights in the property distinct from those conferred by the mortgage" in that it fixes the amount due under the mortgage and directs the sale of the real estate to raise funds to satisfy the amount due. *Roach*, 824 F.2d at 1378.

Although, as noted in *In re Glenn*, 760 F.2d at 1432, a few courts have held that a chapter 13 debtor may cure a default even when the petition is not filed until after a foreclosure sale has been held, the majority view and, in this court's opinion, the better reasoned view is that a chapter 13 debtor has no right to cure a default if the petition is filed after a foreclosure sale has been held. The court would reach this conclusion under either the *Glenn* analysis which disregards state law or the *Roach* analysis which looks to state law.

North Carolina is a "title theory state" in which most mortgage transactions take the

form of a deed of trust where the borrower will convey legal title in the real estate to a third-party trustee to hold for the mortgagee-lender, subject to the condition that the conveyance shall be void upon payment of the debt at maturity. P. Hetrick, *Webster's Real Estate Law in North Carolina* § 256–257, at 267–268 (rev. ed. 1981). After a foreclosure sale is held, the rights of the trustee (as seller) and the purchaser become fixed if no upset bid is filed, if the right of redemption is not exercised by the debtor, and if no injunction of the consummation of the foreclosure sale pursuant to N.C.GEN.STAT. § 45–21.34 is obtained within ten days following the report of the sale. *See In re Smith*, 24 B.R. 19, 23 (Bankr.W.D.N.C.1982). Although under N.C.GEN.STAT. § 45–21.34, a debtor may still seek to permanently enjoin a foreclosure after the sale has been held, *see Carlisle v. The Commodore Corporation*, 15 N.C.App. 650, 654, 190 S.E.2d 703 (1972), and can raise defenses such as that the right to foreclose was waived or that there was no default under the deed of trust, *see In re Foreclosure of Deed of Trust*, 55 N.C.App. 68, 284 S.E.2d 553 (1981); *In re Watts*, 38 N.C.App. 90, 247 S.E.2d 427 (1978), the fact remains that the foreclosure sale may become final without any further action by the lender or the trustee on the deed of trust. The court is of the opinion that when the chapter 13 debtor in this case filed her petition after the foreclosure sale had been held, there had been sufficiently "serious alterations of [the] security holder's rights", *Roach* 824 F.2d at 1376, so that the right to cure the default under § 1322(b)(5) had been terminated. The court deems it unnecessary in this case to decide between the *Glenn* and *Roach* lines of analysis or to identify the exact point in North Carolina foreclosure proceedings at which the right to cure a default terminates. Under either the *Glenn* or *Roach* analysis, that point was passed in this case.

The next question to be addressed is whether the debtor may still exercise her right under North Carolina law to redeem the property by paying the full amount of the debt. Under North Carolina law, a mortgagor has an equitable right of redemption which may be exercised from the time of default until the expiration of the ten day upset bid period following foreclosure. *Tech Land Development, Inc. v. South Carolina Insurance Co.*, 57 N.C. App. 566, 291 S.E.2d 821, *rev. denied*, 306 N.C. 563, 294 S.E.2d 228 (1982). That ten day period was scheduled to expire at 5:00 p.m. on the day the debtor filed her petition.

Although several courts have held that the running of a state statutory redemption period is suspended indefinitely by the automatic stay of 11 U.S.C. § 362, *see In re L.H. & A. Realty Co.*, 57 B.R. 265 (Bankr.D.Vt.1986); *In re Carr*, 52 B.R. 250 (Bankr.E.D.Mich.1985), the majority of courts have held that the time limit for a debtor to redeem property from foreclosure is governed by 11 U.S.C. § 108(b)(2) which automatically extends the redemption period sixty days from the filing of the bankruptcy petition if the redemption time had not run out prior to filing. *See e.g., Matter of Roach*, 824 F.2d at 1372; *In re Tynan*, 773 F.2d 177, 179–80 (7th Cir. 1985); *In re Glenn*, 760 F.2d at 1436–40; *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *In re Liddle*, 75 B.R. 41 (Bankr.D.Mont.1987).

11 U.S.C. § 108(b) provides, in pertinent part:

[I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

This court agrees with the majority view that § 108(b), rather than § 362, directly

governs the time limits for a chapter 13 debtor to exercise her right of redemption. The cases which have applied § 108(b) to determine the time within which a debtor may exercise a state law right of redemption generally hold that that right expires if not exercised before sixty days after the order for relief. It is undisputed in this case that more than sixty days have passed from the time the debtor's bankruptcy petition was filed and that the debtor has not exercised her equity of redemption. However, the court is of the opinion that the debtor's right to redeem her property has not expired because the filing of the debtor's bankruptcy petition stayed the running of the ten day upset bid period which, in turn, prevented the redemption period available to a debtor under North Carolina law from terminating.

Under North Carolina law, when an upset bid is filed following a foreclosure sale, a resale of the property is required following which a new ten day upset bid period commences. *See* N.C.GEN.STAT. § 45–21.29(f) and (h). There is no limit on the number of times upset bids may be filed and resales held. N.C.GEN.STAT. § 45–21.29(g). The debtor's equitable right of redemption remains in force until a ten day upset bid period expires without an upset bid being submitted. When the debtor filed her bankruptcy petition, the automatic stay went into effect to prevent any act to obtain possession of property of the estate or to create or enforce any lien against property of the estate. § 362(a)(3) and (4).

The question arises as to whether the automatic stay prohibits the filing of upset bids and thereby indirectly suspends the running of the period during which the debtor may exercise her right of redemption. Support for the argument that the stay is not applicable is found in the fact that, once the upset bid period begins to run, neither the holder of the deed of trust, the trustee, or the high bidder at the foreclosure sale is required to take any affirmative action in order for their rights to become fixed at the expiration of the ten day period. *See In re Carver*, 828 F.2d 463 (8th Cir.1987), in which the Eighth Circuit

held that the automatic stay did not apply to the "ministerial" act by the clerk of court of certifying that the property had not been redeemed within the period allowed by state law when no affirmative action by the creditor was required for that certification to occur. On the other hand, unlike the certification at issue in *Carver*, the filing of an upset bid at issue in this case is more than a mere ministerial act.

Under N.C.GEN.STAT. § 45–21.34, a debtor may at any time prior to the confirmation of a foreclosure sale seek to enjoin the sale in North Carolina Superior Court on any "legal or equitable ground." The granting of such an injunction has the effect of tolling the running of the ten day statutory period for filing an upset bid. *Carlisle v. The Commodore Corporation*, 15 N.C.App. 650, 656, 190 S.E.2d 703 (1972). Although the stay created by the filing of a bankruptcy petition is not the same as an injunction granted pursuant to N.C.GEN.STAT. § 45–21.34, the court is of the opinion that the filing of an upset bid in North Carolina is prohibited by the automatic stay of § 362 of the Bankruptcy Code. Since the running of the period during which a debtor may redeem her property in North Carolina is tied to the running of the upset bid period, the automatic stay prevents the running of the redemption period as well. In other words, even though the automatic stay does not directly suspend the running of the state statutory redemption period, it indirectly has that effect by preventing the expiration of the ten day upset bid period. This holding is consistent with the rule that doubts as to the interpretation of North Carolina foreclosure procedures should be resolved in favor of preserving the equitable power of the mortgagor. *Sprouse v. North River Insurance Co.*, 81 N.C.App. 311, 344 S.E.2d 555 (1986).

■ The debtor's plan proposes to cure the default on her deed of trust and reinstate its original terms, but this court has held that the debtor no longer has the right to cure the default. Additionally, the debtor has not satisfied her burden of showing that CCL's interest in the property is adequately protected. Because the debtor has failed to provide adequate protection for CCL's interest in the property in question,

CCL is entitled to have the stay lifted pursuant to 11 U.S.C. § 362(d)(1) to permit it to conclude the foreclosure proceedings. The debtor's right to exercise her right of redemption was to expire at 5:00 p.m. on the day that she filed her bankruptcy petition and the debtor will have until one day after the effective date of the order lifting the stay to redeem the property. Anyone wishing to file an upset bid may also do so during this one day period. In order to provide the debtor with sufficient notice to give her a fair opportunity to exercise her redemption rights, this Memorandum Opinion and Order which lifts the stay will not become effective until ten days after the date of its entry. Accordingly,

IT IS HEREBY ORDERED that, effective ten days from the date of entry of this order, the automatic stay is lifted to permit the completion of state court foreclosure proceedings initiated by Commercial Credit Loans, Inc. on the property of the debtor which is the subject of Commercial Credit Loans, Inc.'s deed of trust.