**In the Matter of John P. DOHM and Ingrid Dohm, Debtors.**

**UNITED BANK OF LOVES PARK, Plaintiff,**

**v.**

**John P. DOHM and Ingrid Dohm, Defendants.**

**Bankruptcy No. 81 B 00252.**
**Adv. No. 81 A 0198.**

United States Bankruptcy Court,
N. D. Illinois, W. D.

Oct. 8, 1981.

Theodore Liebovich, Rockford, Ill., for United Bank.

David Shair, Chicago, Ill., for debtors.

MEMORANDUM DECISION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Complaint of United Bank of Loves Park to Abandon Property and Modify Stay. All issues, save one, have been resolved. The sole remaining question presented to this Court is whether the automatic stay of Section 362 operates to toll the redemption period provided under Illinois Foreclosure Law. There appears to be no explicit controlling authority in either the Bankruptcy Code or in the Illinois Revised Statutes.

United Bank urges an interpretation of Section 108 of the Bankruptcy Code which would permit the Debtors, as well as the Trustee, an extension of the redemption

period. The Debtors argue that the automatic stay of Section 362 operates as a stay or a tolling of the running of the redemption period.

■ The Court has never been called upon previously to construe Section 108, but even if Section 108 were intended as authority for tolling a redemption period, it does not appear that it is available to debtors, but only to trustees. Surely, conflicts between trustees and debtors would arise if Section 108 were available to both.

■ The primary purpose of Section 362 is to retain the status quo for the benefit of the debtor and the trustee. The debtor is afforded a cessation of collection activity to enable him to obtain a fresh start. The trustee is afforded an opportunity to pursue the property of the estate.

■ Inactivity which permits the forces of collection to go forward is as offensive to Section 362 as is activity. Therefore, any loss of the status quo due to inactivity should be stayed no less than loss of the status quo due to activity.

In *In re Elder*, 12 B.R. 491, 7 BCD 1153, (Bkrtcy.M.D.Ga.) a creditor and the debtor's employer were held to have violated the automatic stay by doing nothing. The court held that the automatic stay was "intended to stop the snowballing", and "all who have a part in the garnishment must take such positive action as necessary to give effect to the automatic stay. No action is unacceptable; no action is action to thwart the effectiveness of the automatic stay".

While the facts of that case, involving a garnishment, are clearly distinguishable from the facts of this case, the reach of the automatic stay is well demonstrated.

■ In *In re Johnson*, 8 B.R. 371, 3 CBC 2d 569 (Bkrtcy.D.Minn.), the trustee asked the court to find that the automatic stay tolled the redemption period in a mortgage foreclosure action. The court held that the automatic stay operated to suspend or toll the running of the redemption period in a mortgage foreclosure until such time as the

stay is lifted or dissolved. The court further stated "the contention that Section 108(b) of the Code governs this issue is erroneous". I agree with Judge Dim's reasoning in *In re Johnson* and believe it is applicable to this case.

Counsel for the Debtors should prepare an order consistent with this Memorandum Decision, specifically reflecting the number of days which the redemption period was tolled prior to discharge, and setting forth the new date at which the redemption period ends.