BANK OF RAVENSWOOD, Plaintiff,

v.

Fred A. PATZOLD, Roberta J. Patzold
and Craig Phelps, Trustee,
Defendants.

No. 81 C 5128.

United States District Court,
N.D. Illinois, E.D.

Feb. 17, 1982.

Edward J. Halper, Hoellen, Lukes & Halper, Chicago, Ill., for plaintiff.

Ronald E. Siegel, Chicago, Ill., for defendants.

DECISION

McMILLEN, District Judge.

Plaintiff as mortgagee filed a complaint in the bankruptcy proceedings of its mortgagors, defendants Patzold, in order to clarify plaintiff's right to obtain a sheriff's deed in the foreclosure proceedings which had previously been filed against the Patzolds in the Illinois state court. A foreclosure sale had been held, plaintiff was the successful bidder, and two days before the mortgagors' period of redemption expired, they filed a Chapter 13 petition. The Bankruptcy Court's automatic stay was then preventing the sheriff from executing the appropriate deed to plaintiff following the foreclosure sale.

Plaintiff's complaint in the Bankruptcy Court sought a declaratory judgment that the debtors' interest in the property expired when the period of redemption expired and also sought a lifting of the automatic stay against the issuance of a sheriff's deed.

After due consideration of the complaint and the answer of the defendant bankrupts and their trustee, the Bankruptcy Judge ruled that he had no jurisdiction to extend the six month period of redemption under the Illinois statutes, and he thereupon lifted the general stay order so as to allow the bank to obtain its deed.

There is no issue concerning the efficacy of the foreclosure procedures followed by the bank in the Illinois court, and there is no issue raised about the effectiveness of the automatic stay order entered by the

bankruptcy court. The problem arises because, if the bank does not get its deed in accordance with Illinois law, the property is "at risk" for an indefinite period of time, and the mortgagors will in effect obtain a modification of their mortgage note through the use of a Chapter 13 proceeding. The Bankruptcy Judge apparently believed that this was inequitable and that the bank should be allowed to consummate its legal rights, since he said at p. 4 of his order, "The debtors appear to have dozed on their rights and ignored their obligations for a period in excess of one year and cannot now expect this court to cure their unfortunate position by denying the bank its statutory rights."

This statement seems to us to defeat the purpose of a Chapter 13 proceeding which is to allow the debtors to arrange to pay their obligations in an orderly, although modified, manner. The mortgagors' right of redemption is an asset of the estate over which the bankruptcy court has jurisdiction and which it has an obligation to protect. Section 541 of the Bankruptcy Code defines the property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case," and several bankruptcy courts have ruled that a right of redemption is included under this definition. 4 *Collier on Bankruptcy* (15th ed. 1980) § 541.07[3].

Section 105 of the Bankruptcy Act gives the bankruptcy court the power to issue any order "that is necessary or appropriate to carry out the provisions of this title." An order which has the effect of extending the period of redemption would certainly seem to be authorized by § 105, and § 108(b) automatically grants the trustee a minimum of sixty days to file "any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act." Here again Collier interprets this to permit a motion by the trustee to extend the period of redemption. *Op. cit.,* § 541.07[3]. An order having this effect was sustained under the former bankruptcy code in *In re Grosso Investment, Inc.,* 457 F.2d 168 (9th Cir.1972). In *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (Bkrtcy.E. D.Mich.1981), the district court held that, although an automatic stay order under § 362(a) will not toll the running of the statutory period of redemption, § 108 specifically authorizes an order which will do so.

The Bankruptcy Judge did not attempt to exercise his power under § 105 and concluded that the automatic stay entered under § 362(a) should be lifted pursuant to the bank's petition which was filed under § 362(d). Since we believe that the Bankruptcy Judge misapprehended the power which he had under § 105 and also incorrectly concluded that an extension of the debtors' right of redemption would violate the Illinois law, we will vacate his order of July 27, 1981 and remand this case to the Bankruptcy Judge to take appropriate action to protect the debtors' right of redemption by entering an order pursuant to 11 U.S.C. §§ 108 and 105.

The foregoing decision and order is hereby made effective also to the case of *Robert L. Lavine, Debtor, Bank of Ravenswood v. Lavine,* pending before the undersigned judge as No. 81 C 5129.