**In the Matter of SARASOTA LAND CO., Debtor.**

**SARASOTA LAND CO., Plaintiff,**

v.

**BARNETT BANK OF SARASOTA, N.A., Defendant.**

**Bankruptcy No. 83–63.**
**Adv. No. 83–418.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 23, 1983.

M. Jay Lancer, Sarasota, Fla., for plaintiff.

Raymond Farfante, Jr., Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the immediate matter under consideration is a Motion for Summary Judgment addressed to Count II of the Debtor's complaint to set aside fraudulent transfer and to recover property and for declaratory relief filed by Barnett Bank of Sarasota, N.A. (Bank), the Defendant in the above-styled adversary proceeding. Count I of the two Count Complaint was previously dismissed by Court order for failure to state a cause of action. In Count II, the Debtor seeks the entry of a judgment declaring that a Certificate of Title and an amended Certificate of Title issued by the Clerk of the Circuit Court for Sarasota County pursuant to a sale in foreclosure on January 17, 1983 and January 19, 1983, respectively, are void and of no force and effect.

Both parties agree that there are no material issues of fact and that the dispute is subject to resolution as a matter of law. The undisputed facts which are germane to the resolution of this controversy are as follows:

On November 10, 1982, the Bank filed a foreclosure action against the Debtor in the Circuit Court in and for Sarasota County. On December 1, 1982, the Bank filed a Motion for Default and a default was subsequently entered against the Debtor. On December 14, 1982, the Debtor filed a Motion to Set Aside Default, which Motion was denied on January 6, 1983.

On January 6, 1983, a judicial sale was conducted by the Clerk of the Court and the Bank, as high bidder, purchased the real property described as:

All of Lot 8, all of Lot 10, South Half of Lot 12, and of Lot 14, all in Block 1, Plat

of Sarasota, recorded in Plat Book 1, page 21, of the Public Records of Manatee County, Florida; and recorded in Plat Book A, Page 30 of the Public Records of Sarasota County, Florida.

On January 14, 1983, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, and delivered a Suggestion of Bankruptcy to counsel for the Bank. The Debtor also filed a Suggestion of Bankruptcy with the Clerk of the Circuit Court of Sarasota County. On January 17, 1983, counsel for the Bank requested that a Certificate of Title not be issued by the Clerk. Notwithstanding the request, the Clerk issued a Certificate of Title to the Bank on January 17, 1983, after the expiration of the Statutory Redemption period.

On January 19, 1983, the Clerk issued an amended Certificate of Title, although the reason for the issuance of the amended certificate of title is undisclosed.

On March 11, 1983, the Debtor filed a Motion to Set Aside and Void Amended Certificate of Title and on March 30, 1983, the Bank recorded the Amended Certificate of Title in O.R. Book 1574 at page 1544.

It is upon the Amended Certificate of Title which was issued by the Clerk of the Circuit Court on January 19, 1983 and recorded in O.R. Book 1574 on March 30, 1983, that the Bank claims an ownership interest in the subject property. The Debtor contends, however, that the issuance of the Amended Certificate of Title on January 19, 1983 was a clear violation of the automatic stay, imposed by § 362 of the Bankruptcy Code upon the filing of the Petition for Relief on January 14, 1983. Therefore, it is the Debtor's position that both the Certificate of Title and the Amended Certificate of Title issued by the Clerk of the Circuit Court and upon which the Bank now claims an ownership interest, are null and void.

 Under Florida law a purchaser of real property at a judicial sale takes the property subject to a recognized right of redemption, which right terminates upon the issuance of the Certificate of Title by the Clerk of the Circuit Court. Absent the filing of a written objection to the sale, the Clerk automatically files a Certificate of Title ten days after the sale. The sale stands as confirmed by the Court and title to the property passes to the purchaser without the necessity of further proceedings. § 45.031 Fla.Stat. (1981); *see, Matter of First Dade Corp.,* 17 B.R. 887, 890 (Bkrtcy.M.D.Fla.1982). Until the issuance of the Certificate of Title, however, the former owner of the subject property retains the right to redeem. Where, as in the case at bar, a Petition for Relief is filed after a foreclosure sale, but prior to the expiration of the 10 day redemption period, the Debtor's right to redeem the subject property becomes property of the bankruptcy estate pursuant to Bankruptcy Code § 541. *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (D.C.E.D.Mich.1981). In addition, § 108(b) provides the Trustee in Bankruptcy or the Debtor-in-Possession a prescribed amount of time within which to exercise the right of redemption. § 108(b) provides:

> (b) Except as provided in subsection (a) of this section; if applicable law, an order entered in a proceeding or an agreement fixes a period within which the Debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of filing the petition, the trustee may only file, cure or perform, as the case may be before the *later* of—
> (1) the end of such period including any supervision of such period occurring on or after the commencement of the case; and
> (2) 60 days after the order for relief.

11 U.S.C. § 108(b). Because § 108(b) of the Bankruptcy Code specifically addresses the rights of the trustee or the debtor-in-possession, § 108 is controlling and § 362 is rendered inapplicable. See, *In re Martinson,* 26 B.R. 648, 653 (D.C.D.N.D.1983). Accordingly, § 362 does not toll or suspend the running of a statutory redemption period. *Bank of Commonwealth v. Bevan,* 13 B.R.

989, 7 BCD (CRR) 557 (D.C.E.D.Mich.1981); *Matter of Construction Leasing and Investment Corp.*, 20 B.R. 546 (Bkrtcy.M.D.Fla. 1982).

 In the case at bar, the Debtor filed a Voluntary Petition for Relief on January 14, 1983, after foreclosure sale but prior to the expiration of the redemption period. Accordingly, § 108(b) became operative upon the entry of the order for relief and the redemption period was automatically extended pursuant to § 108(b) until March 15, 1983.

It is without dispute that the Debtor failed to redeem the subject property within the 60 day period. It is also without dispute that the Debtor remained in possession of the premises and the Bank undertook no action to dispossess the Debtor. However, on March 30, 1983, 15 days after the extended redemption period expired, the Bank recorded the Amended Certificate of Title, which was issued by the Clerk of the Circuit Court on January 19, 1983.

It is the opinion of this Court that due to the Debtor's failure to exercise the right of redemption within the 60 day period, the right to redeem terminated and the Debtor's interest in the subject property was permanently foreclosed.

The fact that the purchaser of the property claims ownership of the subject property pursuant to a Certificate of Title issued by the Clerk of the Circuit Court during the 60 day period is irrelevant. Pursuant to Florida law, the Clerk is directed to file the Certificate of Title upon the expiration of the Florida 10 day redemption period if no objection to the sale is filed, § 45.031 Fla.Stat. (1981), and as noted by the United States District Court in North Dakota, "The issuance of this deed is merely a ministerial act required to complete the formal transfer of legal title," *In re Martinson, supra* at 654. Thus, the issuance of the Certificate of Title does not constitute a violation of either § 362 or § 108(b).

The Deed was issued on January 17, 1983 and the Debtor pursuant to § 108(b) retained a right to redeem until March 15, 1983. The Bank undertook no steps to assert ownership during the extended redemption period, the Debtor failed to redeem and, therefore, the Bank is now entitled to exercise its ownership rights upon the Amended Certificate of Title issued on January 17 and recorded on March 30, 1983.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Barnett Bank of Sarasota, the Defendant, be, and the same hereby is, granted and Count II of the Complaint to Set Aside Fraudulent Transfer and to Recover Property and for Declaratory Relief, filed by the Debtor, be, and the same hereby is, dismissed.