**In re Clare KANGAS, Debtor.**

**J.I. CASE CREDIT CORPORATION and J.I. Case Company, Plaintiffs,**

v.

**Clare KANGAS, Defendant.**

**Bankruptcy No. 3–83–1841. Adv. No. 84–0292.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Jan. 30, 1985.

Steven Drummond, Alexandria, Minn., for plaintiffs.

Neil R. Tangen, Hoffman, Minn., for defendant.

### ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on January 8, 1984, on motion for summary judgment brought by Plaintiff J.I. Case Corporation and J.I. Case Company (hereinafter referred to jointly as J.I. Case). This matter was originally scheduled for hearing on December 19, 1984, but due to problems with the timeliness of service of the motion, it was continued to the present date. Steve Drummond appeared representing J.I. Case and Neil Tangen appeared representing the Debtor/Defendant. Based on the file, records, briefs and arguments of counsel, the Court makes this

Order pursuant to the Rules of Bankruptcy Procedure.

### I.

The facts in this adversary proceeding are uncontested. J.I. Case held a validly perfected mortgage on the Debtor's real property. On July 13, 1981, J.I. Case foreclosed upon its mortgage and purchased the property at the foreclosure sale held on that day. The statutory time to redeem the property by the Debtor expired on July 13, 1982. By agreement between the parties, the redemption period was extended to October 31, 1983. The Debtor filed for reorganization on October 31, 1983.

The present adversary proceeding was commenced by J.I. Case on October 25, 1984, for declaratory judgment to determine whether the Debtor retains any interest in the property. In addition, J.I. Case requests relief from the automatic stay imposed by § 362(a) to evict the Debtor in the event that it is determined the estate has no remaining interest in the property.

### II.

■ Upon the filing of a petition, 11 U.S.C. § 362(a) imposes an automatic stay enjoining the commencement or continuation of any act against the debtor or property of the debtor's estate. The first issue here is whether this Debtor had on October 31, 1983, any identifiable interest in the property to which the § 362 stay could apply. If so, the stay would prohibit J.I. Case from continuing any action against such property. If not, J.I. Case will have grounds for relief from stay to evict the Debtor.

The foreclosure sale occurred in 1981. The period to redeem the property finally expired on October 31, 1983. Filing a petition in bankruptcy does not automatically stay the running of the statutory redemption time under § 362(a). *Johnson v. 1st Nat'l Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983). However, pursuant to 11 U.S.C. § 108(b), the debtor is provided an additional 60-day period from the filing date to exercise his right of redemption. Once the 60-day period under § 108(b) expires and the debtor fails to redeem the property, the debtor's interest in the property through his statutory right of redemption, is terminated. The property vests totally and completely in the foreclosure sale purchaser.

■ In this case, the 60-day period expired on December 30, 1983. The Debtor failed to redeem the property and he lost his right of redemption at that time. The § 362 stay never had any application to the foreclosed property.

### III.

■ A second issue is raised by Debtor's assertion in his brief opposing summary judgment that the foreclosure sale is subject to attack as a fraudulent transfer under 11 U.S.C. § 548. He contends that the expiration of the statutory redemption period is in effect a transfer of property within the meaning of § 548 and that, in this case, the transfer can be avoided because the Debtor received less than the reasonably equivalent value of the transfer.[1]

Plaintiff argues that the relevant transfer for purposes of 11 U.S.C. § 548 occurred at the foreclosure sale. Plaintiff contends that when the statutory right of redemption expires nothing transfers to the foreclosure sale purchaser. The only occurrence is the expiration of the right of redemption in the mortgagor.

The Eighth Circuit Court of Appeals recently addressed the issue of whether a sale by foreclosure is subject to attack under § 548. See: *In re Hulm*, 738 F.2d 323 (8th Cir.1984). The Court concluded that a mortgage foreclosure is a transfer for purposes of § 548. In that case, the foreclosure sale and the expiration of the statutory right to redeem both occurred within one year prior to the filing of the bankruptcy. The Court of Appeals specifi-

---

**1.** Debtor has neither commenced an adversary proceeding based on a § 548 cause of action nor asserted such a claim as a counterclaim in this proceeding.

cally declined to decide at what point in time the transfer occurred. *Id.* at 325. This Court agrees with the Plaintiff and believes, for purposes of § 548, the transfer occurs at the time the foreclosure sale is held.

Under common law, when a default under the terms of a valid mortgage occurred, the mortgagee ·had the right to foreclose upon its interest in the property securing the indebtedness. At this point in time, legal title was in the mortgagor with equitable title in the mortgagee. The mortgagor had an estate in property called the "equity of redemption" which was in addition to the legal title. *Moore v. Norman*, 43 Minn. 428, 45 N.W. 857 (1890). This equitable estate protected the mortgagor's legal title by allowing him to cure the mortgage defaults prior to foreclosure sale.[2]

■ Once a mortgage foreclosure sale takes place, the common law "equity of redemption" terminates and the statutory right of redemption replaces it. See: MINN.STAT. § 580.23 (1945 and supp. 1983) and § 581.10 (1945 and supp. 1983). The foreclosure sale purchaser obtains legal title to the land upon purchase at the foreclosure sale. The statutory right of redemption continues in the mortgagor until either he satisfies the entire mortgage obligation or until the time delineated in the statute expires. When the time runs without redemption, the mortgagor simply loses his only remaining property interest, i.e., the statutory right of redemption. Nothing is transferred to the mortgagee.

It is foreclosure sale that transfers all title to the property to the foreclosure sale purchaser. *Swedish Am. Nat'l Bank v. Connecticut Mut. Life Ins. Co.*, 83 Minn. 377, 86 N.W. 420 (1901). A foreclosure sale:

> ... passes all the right, title, and interest in and to the mortgaged premises which the mortgagor possessed at the time of the mortgage was executed, or which were subsequently acquired by him. As a rule, easements and privileges which

are necessary and essential to the full enjoyment of property pass with the mortgage; and this is true even though reference is not specifically made in the mortgage to anything further than the particular property conveyed. It has been said that the effect of the decree of foreclosure is to merge the interest of the parties to the suit in the decree, and to transfer and vest them in the purchaser at the sale.

The sale, of course, is conditional to the extent that redemption from the sale by proper parties is permitted. In other words, the sale may be defeated by the payment of a certain sum by certain designated parties within a certain limited time. If not redeemed, however, within the time permitted by statute, *the right to a conveyance becomes absolute without any further sale or other act to be performed by anyone.* (emphasis added) 55 Am.Jur.2d, *Mortgages,* § 784 (1971 and supp.1984)

The title passed is subject to divestment by the mortgagor. However, if not timely exercised, the statutory right of divestment by redemption expires. The expiration is not a transfer, there being no need for any further act to vest title. *Johnson v. 1st Nat'l Bank of Montevideo, supra.*

Accordingly, the Court holds that the transfer of the property involved here occurred for purposes of 11 U.S.C. § 548 on July 13, 1981, at the foreclosure sale. The transfer was made outside the one-year fraudulent conveyance period and no action lies.

Based on the foregoing,

IT IS ORDERED AND DECLARED:

1. That the Debtor has no interest in the real property which is the subject of this adversary proceeding. Let judgment be entered accordingly.

2. Relief from stay is granted to J.I. Case Credit Corporation and J.I. Case Company to begin unlawful detainer actions against the Debtor in the appropriate state court.

---

**2.** These rights are now codified in MINN.STAT. § 580.30 (1945 and supp.1983).