In re Reynold F. HAND, Jr. Janice G. Hand, Debtors.

Bankruptcy No. 85–744–Orl–BK–GP.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Sept. 4, 1985.

---

Michael Price, Michael T. Hand, Orlando, Fla., for debtors.

R.A. Palmer, Orlando, Fla., Trustee.

Robert L. King, Tampa, Fla., for Citicorp.

Harry G. Reid, III, Sanford, Fla., Jules S. Cohen, Orlando, Fla., for First Federal Sav. & Loan.

Salvatore R. Scarito, Orlando, Fla., Leo O. Myers, Jacksonville, Fla., for Barnett Bank.

### ORDER GRANTING RELIEF FROM STAY OF ACTION AND LIEN ENFORCEMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

This issue comes before the Court on the motion of Citicorp Person-to-Person Financial Center of Florida, Inc., for relief from stay of action to enforce lien and have Certificate of Title issued under 11 U.S.C. § 108(b) and § 362 in this Chapter 13 case. The facts before this Court show that on June 6, 1985, First Federal Savings and Loan Association of Seminole County foreclosed on the subject property as first and second mortgagee. Reynold F. Hand, Jr.; his wife, Janice G. Hand; Citicorp Person-to-Person Financial Center of Florida, Inc.; and Barnett Bank of Central Florida, N.A., were named as defendants in the foreclosure action. John G. Sturno bid $80,000.00 for said property and deposited that amount in the Registry of the Circuit Court. Prior to the issuance of the Certificate of Title, the Hands filed a voluntary Chapter 13 petition on June 28, 1985. On July 23, 1985, Citicorp filed this motion for relief from stay and lien enforcement.

In making its decision, this Court relies upon the Eighth Circuit decisions submitted by movant, *Johnson v. First National Bank of Montevideo, Minnesota,* 719 F.2d 270 (8th Cir.1983) and *Martinson v. First National Bank of Oakes,* 731 F.2d 543 (8th Cir.1984), and upon *Matter of Sarasota Land Co.,* 36 B.R. 563 (M.D.Fla.1983) and *Matter of Construction Leasing and Investment Corp.,* 20 B.R. 546 (M.D.Fl. 1982). This Court finds that § 108(b) governs the time period in which the debtors retain the right to redeem and that § 362 does not suspend the period of redemption provided under Florida law. Accordingly, immediately upon filing § 108(b) automatically gave the debtors 60 days in which they could exercise their right to redeem the property. This 60 days ran as of August 27, 1985. At no time during this 60 days did the debtors exercise their right to redeem or ask the Court for permission to redeem. This Court is of the opinion that due to the debtors failure to redeem within the 60 days, the right to redeem was terminated and the debtors interest in the property was permanently extinguished. This Court is without authority to suspend this period of redemption indefinitely and thus finds that the right is no longer part of the estate.

It is, therefore, ORDERED that the stay is lifted as to subject property pursuant to 11 U.S.C. § 108(b) and § 362 to allow is-

suance of the Certificate of Title by the Circuit Court.