In re TRUST NO. 101B, a/k/a Charles R. Abele, Jr., Trustee under Trust No. 101B; f/k/a Trust No. 101, Debtor.

In re: TRUST NO. 102, a/k/a Charles R. Abele, Jr., Trustee under Trust No. 102, Debtor.

Bkrtcy Nos. 87–02462–BKC–SMW, 87–02463–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

Sept. 15, 1987.

Robert A. Mark, Miami, Fla., for Creditor Florida Nat. Bank.

Alberto J. Ordonez, Miami, Fla., for debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court for emergency hearing on September 14, 1987 on a Motion to Extend Stay filed by the Debtor. At the hearing, Florida National Bank ("Florida National") and WNO, Inc. filed a Motion For Relief From the Automatic Stay involving the same factual and legal issues raised in the Debtor's motion. By consent of the Debtor, Florida National's motion was also considered at the hearing.

Identical motions were filed by the Debtor and by Florida National in both of the above-styled cases. The two cases involve separate parcels of property ("Property") in which the Debtor's interests were foreclosed under Florida law in a single state court proceeding which gives rise to the issues before the Court. Since the issues are identical, these findings of fact and conclusions of law will be entered in both of the bankruptcy cases.

Styled a Motion to Extend Stay, the sole issue raised in Debtor's motion is whether or not the Bankruptcy Court, pursuant to Section 105 or 362 of the Bankruptcy Code ("Code"), may extend the statutory redemption period beyond the sixty (60) day extension provided in Section 108(b) of the Code.

The Court having considered the record, the arguments of counsel presented at the hearing and being otherwise fully advised in the premises does hereby make the following findings of fact and conclusions of law.

By orders dated May 26, 1987 and June 4, 1987, Florida National and WNO, Inc. obtained final summary judgments of foreclosure against the Debtor in Case No. 86–51949 (CA) 06 in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida ("Foreclosure Action"). The foreclosure involves the Property at issue in these two related Chapter 11 proceedings. The Clerk of the Circuit Court held a public sale of the Property on July 2, 1987. Florida National, through its subsidiary, WNO, Inc., was the successful bidder at the sale.

Debtor commenced these related Chapter 11 proceedings on July 13, 1987 (the "Filing Date"). The Filing Date represented the last day in which the Debtor could have redeemed its interest in the Property.

Section 45.031, Florida Statutes, provides a right of redemption to the foreclosed owner of property during the ten days following a foreclosure sale. Title to the foreclosed property does not pass to the buyer until the redemption period has expired and the Clerk of the Circuit Court has issued to the buyer a Certificate of Title. In this case, the period of redemption had not expired at the time the petition for relief was filed. As a result, the Debtor's right to redeem became a property interest of the Debtor's estate on the Filing Date and continued to be property of the estate until the redemption period expired. *Matter of First Dade Corp.*, 17 B.R. 887 (Bkrtcy.M. D.Fla.1982).

Pursuant to Section 108(b) of the Code, the Debtor's time within which to exercise its right of redemption was extended by sixty (60) days from the Filing Date through and including Friday, September 11, 1987.

Debtor's efforts to sell the Property prior to the expiration of the redemption period failed. A motion to approve a sale of the property was filed on August 24, 1987 and at Debtor's request, the Court scheduled an emergency hearing on August 28, 1987. At the hearing, however, Debtor withdrew its motion and advised the Court that the proposed sale could not be closed.

The redemption period expired on September 11, 1987. Debtor sought no exten-

sion until the filing of its emergency motion on September 14, 1987. As discussed below, even if the Debtor had timely sought a further extension of the redemption period, this Court would have no authority to grant such relief.

Debtor's counsel argued that an extension was justified because a contract for sale of the Property had been signed. Debtor presented no evidence to the Court establishing that a bona fide sale had been negotiated and could be concluded. Even if a bona fide offer for the Property had been submitted and even if the closing of such a sale could have resulted in value for the estate, Debtor's motion would be denied. The statutory redemption period expired on September 11, 1987 and may not be extended.

Debtor argues that the general equitable powers provided to a bankruptcy judge under Section 105 of the Code permit the bankruptcy court to extend a state court redemption period beyond the sixty (60) day extension specifically provided for in Section 108(b). The Court disagrees. Although Section 105 provides a broad and flexible grant of authority to a bankruptcy court, that section cannot be used to override the provisions of Section 108(b) which expressly provide for a sixty (60) day extension of a state court redemption period which has not expired as of the filing date of a chapter 11 petition.

In support of its position, Debtor cites *In re Sapphire Investments*, 19 B.R. 492 (D.Ariz.1982) and cases relied upon by the court in that decision. This Court finds those authorities to be unpersuasive. The specific issue before the Court has been addressed by the United States Circuit Court of Appeals for both the Sixth Circuit and Eighth Circuit. *In re Glenn*, 760 F.2d 1428 (6th Cir.1985); *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983). These well-reasoned opinions specifically disapprove and disagree with the earlier authorities cited by the Debtor.

This Court finds the decisions of the Sixth Circuit and Eighth Circuit persuasive and controlling. Section 108(b) specifically governed the time period in which the Debtor retained his right to redeem. The automatic stay provisions of Section 362 did not suspend the running of the redemption period and Section 105 may not be invoked by the bankruptcy court to toll or suspend the running of the statutory period of redemption beyond the sixty (60) day extension provided for under Section 108. *See also In re Hand*, 52 B.R. 65 (Bkrtcy.M.D.Fla.1985).

Since the sixty day extension of the redemption period passed without the Debtor redeeming the Property, the right to redeem terminated and Debtor's interest in the Property is permanently foreclosed. *Matter of Sarasota Land Co.*, 36 B.R. 563 (Bkrtcy.M.D.Fla.1983).

WNO, Inc. is now entitled to receive a Certificate of Title pursuant to Florida law without the need for further proceedings. Although relief from the automatic stay provisions of Section 362 may not be formally required in order for the Clerk of the Circuit Court to issue title, *Matter of Sarasota Land Co., supra*, the Court grants Florida National's Motion for Relief From the Automatic Stay and hereby authorizes and directs the Clerk of the Circuit Court to issue title to the Property at issue in the Foreclosure Action to WNO, Inc., the successful bidder at the foreclosure sale.

By separate orders entered in accordance with these findings of fact and conclusions of law, this Court will deny Debtor's motions to extend stay and grant Florida National's motions for relief from the automatic stay.