**In re Westley FARMER and Maeverna Farmer, Debtors.**

**Bankruptcy No. 86–04793 T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 28, 1988.

David F. Dunn, Allentown, Pa., for movants.

Alfred Hemmons, Allentown, Pa., for debtors.

Frederick L. Reigle, Reading, Pa., Trustee.

## MEMORANDUM AND OPINION

THOMAS M. TWARDOWSKI,
Bankruptcy Judge.

Movants, David and Nancy Godiska ("movants") have filed a motion pursuant to 11 U.S.C. § 362 requesting relief from the automatic stay to allow them to proceed in state court against the property of Wesley and Maeverna Farmer ("debtors"). We agree with movants that the statutory redemption period, as extended by 11 U.S.C. § 108, expired without redemption of the property, and thus that the property is no longer part of the debtors' estate. Movants may proceed accordingly in state court.

Prior to the filing of this chapter 13 petition, debtors owned a building in Allentown, Pennsylvania ("property"). Debtors have explained that in spite of husband debtor's "... best efforts to understand the IRS Code, he accumulated deficiencies during the years 1974 to 1984." Debtors' Brief at 2. The Internal Revenue Service ("I.R.S.") issued a notice of deficiency, a notice indicating that the property had been seized, and a later notice indicating that the property would be sold through a sealed bid sale. The actual sale occurred on either April 18, 1986 or April 21, 1986.[1] Movants were the purchasers at this sale.

---

1. Movants' counsel suggested in court that the sale was concluded on April 18, 1986. How-

On the same date on which this bankruptcy petition was filed, October 15, 1986, debtors filed a document with the United States Tax Court which they have denominated a "Petition to Redetermine Taxes pursuant to 28 U.S.C. § 6335" ("tax court petition"). In it, they allege that the I.R.S. seizure occurred without the required notice of their right of redemption.

Obviously waiting until the expiration of the sixty (60) day period outlined in 11 U.S.C. § 108, the I.R.S. gave the sheriff's deed to the property to movants on December 17, 1986. For reasons not made part of this record, the movants did not immediately record their deed. After movants received the deed, debtors purported to convey the property to debtor wife and debtors' two adult children ("wife/children deed"). The wife/children deed was recorded on December 24, 1986.

Movants filed the instant § 362 motion on March 12, 1987. A hearing on this motion was held on July 22, 1987, at which time we approved an oral stipulation which, among other things, indicated that the wife debtor and adult children would reconvey the property to the joint debtors pending resolution of a variety of matters. The matter was relisted when the parties were unable to agree on the exact meaning of their stipulation. The parties have briefed the issues.

At the most basic level, movant is requesting that we determine that the statutory redemption period expired without redemption and that the property is not prop-

erty of the estate. A determination in their favor will allow movants to return to Common Pleas Court to attempt to set aside the wife/children deed and record their own deed.[2] Although clouded by innumerable extraneous[3] issues, two central questions emerge: (1) whether 11 U.S.C. § 362 operates to suspend the running of the redemption period created by 26 U.S.C. § 6337 and 11 U.S.C. § 108, or, if not, (2) whether 11 U.S.C. § 105 gives us the equitable power to suspend the running of the redemption period.

■ These questions require us to assess the interrelationship between 11 U.S.C. § 108 and 11 U.S.C. § 362. Section 108 provides in relevant part:

(c) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

ever, in movants' brief the sale date is listed as April 21, 1986. Movants' Brief at 6. In an exhibit to the motion for relief from stay, it is alleged that the date of sale was April 18, 1986. Using either of these dates, we reach the same conclusion. See discussion, infra, at p. 859.

2. As part of the stipulation in court, the parties agreed that the original Lehigh County action requesting this relief would be discontinued without prejudice. Whether this has been done already is not clear from the record.

3. For example, debtors have attacked movants' brief as containing "unsworn" statements. Of course, we can consider only arguments in the briefs; facts are established either by stipulation of the parties or by sworn testimony. And, although both briefs are laden with detail, we

do not think that the parties disagree on the facts which are operative in this decision. Six bankruptcy rules cover the need to submit sworn statements, and none of them would require movants to attach sworn statements to their brief. See e.g., B.Rule 1008 (covering petitions, lists, schedules, statements and amendments; B.Rule 2006(e) (covering multiple proxies); B.Rule 4001(c) (covering ex-parte § 362 motions); B.Rule 7065 (covering temporary restraining orders); B.Rule 8011(d) (covering affidavits in support of emergency motions). The submission of briefs is governed by B.Rule 9011(a), which requires only that briefs be signed by an attorney of record, and provides that such signature is the only required verification.

11 U.S.C. § 108(b). Section 108 is triggered in this case by the provision of the Internal Revenue Code which provides that owners of real property, such as the debtors, "... shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 180 days after the sale thereof." 26 U.S.C. § 6337(b). If the actual sale date was April 18, 1986, the 180th day would have been the date of filing, October 15, 1986. If the sale occurred on the later April 21, 1986 date, the key date would have been October 18, 1986. In both cases this period expired on or after the date on which the bankruptcy was filed.

The automatic stay, which comes into effect upon the filing of a bankruptcy, prohibits the commencement or continuation of judicial actions that were or could have been commenced prior to the bankruptcy, 11 U.S.C. § 362(a)(1), as well as acts to obtain possession of property of the estate. 11 U.S.C. § 362(a)(3). The stay against property of the estate continues until relief from stay is granted, or until "... such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). Many courts have grappled with the question of whether the protections of the automatic stay extend beyond the sixty (60) day add-on redemption period provided in § 108.

Two diametrically opposed lines of cases flow from this controversy. One line, embodied by debtors' position, suggests that the all encompassing nature of § 362(a) overrides the specific extension of time granted in § 108(b), thus preventing parties such as movants from taking any action with respect to estate property. These cases suggest that the property will remain property of the estate even after the expiration of the sixty (60) day add-on redemption period. *See e.g., Jenkins v. Peet (In re Jenkins)*, 19 B.R. 105, 6 C.B.C.2d 677 (D.Col.1982);[4] *Sapphire Investments v. Stewart Title and Trust of Tucson (In re Sapphire Investments)*, 19 B.R. 492, 9 B.C.D. 217, 6 C.B.D.2d 639 (D.Az.1982); *In re Shea Realty Inc.*, 21 B.R. 790 (Bankr.D. Vt.1982); *United Bank of Loves Park v. Dohm (In re Dohm)*, 14 B.R. 701 (Bankr.N. D.Ill.1981); *Moratzka v. Lanesboro State Bank (In re Johnson)*, 8 B.R. 371, 7 B.C.D. 22, 3 C.B.C.2d 569 (Bankr.D.Minn.1981).

The second line of cases stands for the proposition that a debtor's redemptive rights continue only for the sixty (60) day period outlined in § 108. These decisions include opinions from the only four circuit courts to consider this issue, and clearly constitute the majority position. *See e.g., Goldberg v. Tynan (In re Tynan)*, 773 F.2d 177 (7th Cir.1985); *Federal Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428 (6th Cir.1985); *Johnson v. First National Bank of Montevideo (In re Johnson)*, 719 F.2d 270 (9th Cir.1983), *cert. den.* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *Martinson v. First National Bank of Oakes (In re Martinson)*, 731 F.2d 543 (8th Cir.1984). *See also, Tabor Enterprises, Inc. v. People of Illinois (In re Tabor)*, 65 B.R. 42 (N.D.Ohio 1986); *In re Lally*, 51 B.R. 204 (N.D.Iowa 1985); *Bank of Commonwealth v. Bevan (In re Bevan)*, 13 B.R. 989, 6 C.B.C.2d 699, 7 B.C.D. 557 (E.D.Mich.1981); *In re Trust Nos. 101B, 102*, 77 B.R. 973 (Bankr.S.D.Fla.1987); *In re Liddle*, 75 B.R. 41 (Bankr.D.Mont.1987) (in chapter 12 context); *Brown v. National State Bank (In re Brown)*, 73 B.R. 306 (Bankr.D.N.J.1987) (relying primarily on § 108); *First National Bank of Vermont v. L.H. & A. Realty Co.*, 57 B.R. 265, 14 C.B.C.2d 218, Bankr.L.Rep. para. 70,973 (Bankr.D.Vt.1986); *In re Roberson*, 53 B.R. 37, Bankr.L.Rep. para 70,736 (Bankr. M.D.Fla.1985); *In re Hand*, 52 B.R. 65 (Bankr.M.D.Fla.1985); *J.I. Case Credit Corp. v. Kangas (In re Kangas)*, 46 B.R. 102, 12 B.C.D. 803, Bankr.L.Rep. 70,243 (Bankr.D.Minn.1985); *Sarasota Land Co. v. Barnett Bank of Sarasota (In re Sarasota Land Co.)*, 36 B.R. 563 (Bankr.D.Md. 1983); *Cramer v. Markee (In re Markee)*, 31 B.R. 429, 8 C.B.C.2d 1331 (Bankr.D.Idaho 1983); *In re Owens*, 27 B.R. 946, 10

---

**4.** The District Judge issuing the *Jenkins* decision later reconsidered the issue in another case and held that § 362(a) was *not* the applicable section; redemptive rights may be extended only to the extent provided in § 108(b). *Westergaard v. Cucumber Creek Development, Inc., (In re Cucumber Creek Development, Inc.)*, 33 B.R. 820, 9 C.B.C.2d 639 (D.Colo.1983).

B.C.D. 444, Bankr.L.Rep. para. 69,415 (Bankr.E.D.Mich.1983).

This question has been addressed in a slightly different context, in a recent decision from this district.[5] *Counties Contracting Construction Co. v. Constitution Life Ins. Co.,* 81 B.R. 306 (E.D.Pa.1987) *appeal docketed* No. 88–1030 (3d Cir. January 1988). The question addressed by Judge Huyett in *Counties Contracting* was whether a life insurance policy remained in effect beyond the policy grace period when the holder filed a chapter 11 bankruptcy prior to the expiration of the grace period. *Id.,* at 307. Analyzing the majority and minority positions noted above, the court adopted the majority position. The recent Third Circuit opinion in the *Roach* case was a factor[6] in the *Counties Contracting* court's opinion. *See In re Roach,* 824 F.2d 1370, 1372, n. 1 (3d Cir.1987). The question in *Roach* was whether a chapter 13 debtor could cure a default and reinstate a home mortgage when debtor's bankruptcy petition had been filed during a state law redemption period following foreclosure judgment and sale. *Id.* at 1371. In a footnote, the court explained that the parties placed too much emphasis on the nature of the property interest retained after the foreclosure sale, since § 108 operates to extend the state law period of redemption. *Id.* The court noted specifically that § 362(a) did not toll the running of the state law redemption period, relying on the majority position opinions in *Tynan, Glenn,* and *Johnson. Id.*

We are highly persuaded by the existence of the *Counties Contracting* and *Roach* decisions. However, since the essential portion of the *Roach* decision is

dicta, we feel compelled to note that we would adopt the majority position espoused by *Counties Contracting* and *Roach* even had those two opinions not been issued. The arguments offered in support of the minority position are simply not persuasive. Courts applying the minority position suggest that the running of the redemption period is a necessary, affirmative step in a foreclosure proceeding, not merely a waiting period, *see e.g., In re Johnson,* 8 B.R. 369, 371; *In re Shea Realty,* 21 B.R. 790, 793, and thus violates 11 U.S.C. §§ 362(a)(2), (a)(3), and (a)(4). *See e.g., In re Johnson,* 8 B.R. 371, 373; *In re Dohm,* 14 B.R. 701, 702. These courts hold that the running of time is an "act" sufficient to violate the stay because "... it triggers a change in the relationship of the parties." *In re Johnson,* 8 B.R. 371, 374. This broad definition of the term "act" lacks a statutory or specific legislative origin; the *Johnson* court seems to create it from its conclusion that the purpose of the automatic stay "... is to freeze the debtor's financial relationship and condition at the date of the petition." *Id. Accord, In re Dohm,* 14 B.R. 701, 702; *In re Jenkins,* 19 B.R. 105, 110. Although this may be true in a very general sense, numerous exceptions exist. The Code embodies the competing interests of debtors and creditors. Thus, for example, when parties enter a pre-petition lease, termination of the lease during the bankruptcy does not necessarily violate the automatic stay. *See e.g., In re West Pine Construction Co.,* 80 B.R. 315, 316 (Bankr. E.D.Pa.1987); *Intermet Realty Partnership v. First Pennsylvania Bank (In re Intermet Realty Partnership),* 26 B.R. 383 (Bankr.E.D.Pa.1983).

5. We disagree with one court's conclusion that a decision of our predecessor, Chief Judge Goldhaber, stands for the proposition that § 362(a) tolls the running of the statutory redemption period. *In re Martinson,* 26 B.R. 648, 652 & n. 3 (D.N.D., 1983), *aff'd* 731 F.2d 543 (8th Cir.1984) *citing Home Life Insurance Co. v. Jones (In re Jones),* 20 B.R. 988 (Bankr.E.D.Pa.1982). In *Jones,* debtor attempted to void post-petition actions of the sheriff and mortgagee. The court held that since the sheriff's sale had been held but the deed not issued, the debtor still retained an interest in the property that would prevent

the issuance of the deed. *Id.* at 990. The court did not discuss the interplay of § 362 and § 108. Indeed, the provisions of § 108 did not apply. Even if *Jones* were on point, we would find that it had been overruled by *Counties Contracting* and *Roach.*

6. Judge Huyett explained that although he was not technically bound by dicta in an appellate opinion, he was persuaded by *Roach* and the rationale of the cases representing the majority position. *Counties Contracting,* at 309.

A corollary to the argument that the running of time constitutes an "act" in violation of the stay is the argument that the recording of the deed at the end of that period also violates the stay. In dicta, at least one court interpreting Pennsylvania law has characterized the act of recording as "ministerial." *Adm. of Veterans' Affairs v. Sparkman (In re Sparkman)*, 9 B.R. 359, 3 C.B.C.2d 856 (Bankr.E.D.Pa. 1981). We find that the act of recording is no more an affirmative act than the running of the redemption period.[7]

The decisions flowing from the second, majority line of cases are buttressed by far more persuasive arguments. These courts derive support from certain well-established principles of contract interpretation. For example, "... where one section of the Bankruptcy Code specifically governs an issue, another section should not be interpreted to cause an irreconcilable conflict." *In re Martinson*, 26 B.R. 648, 653, *citing Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). *Accord, In re Ecklund & Swedlund Dev. Corp.*, 17 B.R. 451, 455 (Bankr.D.Minn.1981); *Steele v. Pridham (In re Pridham)*, 31 B.R. 497, 499 (Bankr.E.D.Cal.1983); *Johnson v. First National Bank of Montevideo*, 719 F.2d 270, 278. It is axiomatic that specific statutory references control over general references. The drafters of the Code specifical-

ly outlined redemption periods in § 108. They just as specifically excluded them from the scope of the automatic stay by failing to refer to them in that section.[8] *In re Ecklund v. Swedlund Dev. Corp.*, 17 B.R. 451, 455. *See generally, In re Sarasota Land Co.*, 36 B.R. 563, 565. Debtors' interpretation of the interaction between the automatic stay and redemption provisions of the Code—the minority position—creates more than an irreconcilable conflict; it renders § 108(b) a nullity. *In re Bevans*, 13 B.R. 989, 994 (fear of rendering § 108 "superfluous").[9] If Congress had intended that § 362(a) would operate as a stay of redemption periods, it would not have provided *specific* provisions extending redemption periods.

We echo movants' concern that a decision that § 362 tolls the running of the redemption period would create great uncertainty in the real estate industry. As one court noted:

> If we were to adopt their position, we would cloud every title secured through a foreclosure sale due to the possible filing of a voluntary petition in bankruptcy during the statutory redemption period.

*In re Tynan*, 773 F.2d 177, 179.

The courts divide into almost the same majority and minority groups on the second

---

7. Many of the courts confronting the conflict between 11 U.S.C. §§ 108 and 362 have relied, at least in part, on the language of state execution statutes to determine whether the recording of a deed constitutes affirmative action. *See e.g., Johnson v. First National Bank of Montevideo*, 719 F.2d 270, 276 (applying Minnesota law). Indeed, one court has suggested that the existence of two separate lines of cases is attributable to the different types of state execution statutes being reviewed. *Id.* at 277.

In the instant case, 26 U.S.C. § 6338(a), which governs the redemption process after I.R.S. tax sales, requires that deeds shall be executed and delivered in accordance with the laws of the state in which the real estate is situated. In Pennsylvania, this is Rule 3135, which states that "(t)he sheriff shall forthwith deliver the deed to the appropriate officers for recording and for registry if required. Confirmation of the sale by the court shall not be required." Pa.R.C.P. No. 3135, 42 Pa.C.S.A. Although this does not make a clear distinction between affirmative and ministerial acts, this rule does distinguish between confirmation by the court,

which would clearly be an affirmative step, and the less burdensome process of simply recording the deed. We find that this recording process involves ministerial acts.

8. We find highly persuasive the analysis of one court, which noted that § 362 was designed to codify provisions of the former Bankruptcy Act and Rules, under which the majority of the courts had determined that the stay did *not* toll the running of the redemption period. Since Congress acts with knowledge of existing laws, a revised statute is presumed to be harmonious with existing law. Thus, the court concluded that the running of the redemption period would not be tolled by the existence of § 362(a). *In re Johnson v. First National Bank of Montevideo*, 719 F.2d 270, 277.

9. Although the *Bevans* court found that the automatic stay did not toll the running of the redemption period, it *did* choose to exercise its 11 U.S.C. § 105 equitable powers to toll the redemption period. *In re Bevans*, 13 B.R. 989, 996.

question [10] that we must confront: whether we should exercise our equitable powers under 11 U.S.C. § 105 to toll the running of the redemption period. Courts using § 105 to toll the running of the redemption period suggest that debtors' right of redemption becomes property of the estate on the date of filing and, as such, must be afforded the protection of the stay. *See e.g., Bank of Ravenswood v. Patzold*, 27 B.R. 542, 543 (N.D.Ill.1982). However, other courts that have concluded that debtors retain redemptive rights have reached the opposite conclusion. *See e.g., Johnson v. First National Bank of Montevideo*, 719 F.2d 270, 274.

■ Although the scope of the often invoked § 105 is broad, we always require compelling circumstances before relying on our equitable powers. Again, the arguments against invoking § 105 are far more persuasive. The scope of our equitable powers is not limitless; we may "... issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Entry of an order tolling the redemption period is neither "necessary" nor "appropriate" because "(t)here is no provision in § 108 for extension for cause shown or if adequate protection can be provided in the mortgage." *In re Markee*, 31 B.R. 429, 431. Any other conclusion would "... enlarge the debtor's property rights beyond those set forth in state statutes and § 108(b)." *Johnson v. First National Bank of Montevideo*, 719 F.2d 270, 274.

■ Debtors are correct in their assertion that one of the circumstances in which courts apply equitable considerations to toll the running of a redemption period occurs when there is fraud, mistake, or erroneous conduct on the part of the foreclosing officer. *In re Martinson*, 26 B.R. 648, 654. They have alleged extensive violations of their rights in connection with the I.R.S. tax sale, including denial of proper notice. *See* Debtors' Brief at 10–12. They have also alleged that movants' former counsel attempted to evict them from the property

on September 13, 1986, in violation of the I.R.S. Code redemption period. *See* Debtors' Brief at 13. Unfortunately, the record contains no more than debtors' allegations on these points. They did not produce testimony or other evidence that would substantiate their claims.

It is also possible to interpret debtors' argument as a request to determine that the tax and seizure were the result of fraudulent or mistaken activities. They argue extensively that we have "jurisdiction" to hear such matters. We need not consider this argument because no complaint to determine dischargeability has been filed. 11 U.S.C. § 505(a), Historical and Revision Notes. Vague allegations in response to a motion for relief from stay are an inappropriate vehicle for presenting such arguments.

Independently, we would refuse to exercise our equitable powers in this case because debtors have not come into court with clean hands. It strains the imagination to come up with any valid motivation for debtors' purported transfer of this property after the I.R.S. seizure and sale, although we leave such pleasant ruminations to the Court of Common Pleas Judge onto whose docket this matter will now be placed.

Debtors' additional argument that there is equity in this property misses the point. The property in question is no longer property of the estate, and thus whether or not debtors retain any equity is irrelevant. In fact, if there is now any equity in the property it is not *debtors'* equity, but rather the equity of debtor wife and their two adult children, the parties who hold title.

The redemption period passed without redemption, and debtors' interest in the property has passed out of the estate. Movants may proceed against the property in state court because the stay no longer applies. 11 U.S.C. § 362(c)(1). An appropriate order will follow.

---

**10.** *Counties Contracting* and *Roach* did not address the scope of our equitable powers in this    area.