### In re Larry Lee COOKE, Debtor.

### Bankruptcy No. 91–30314.

United States Bankruptcy Court,
W.D. North Carolina.

May 3, 1991.

Richard M. Mitchell, Charlotte, N.C., for debtor.

A. Burton Shuford, Charlotte, N.C., for creditor Joe McLaughlin.

David B. Blair, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for Justice Dept.

## ORDER SUSTAINING OBJECTION TO CONFIRMATION AND DENYING CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

GEORGE R. HODGES, Bankruptcy Judge.

This matter is before the court on the Objection to Confirmation, filed March 25, 1991, by Mr. Joe McLaughlin, a secured creditor in this case. The United States has filed an Amicus Curiae Brief in Support of McLaughlin's Objection to Confirmation of Debtor's Chapter 13 Plan.

### BACKGROUND FACTS

The debtor and his ex-wife failed to pay their personal income taxes for the years 1984–1987. The Internal Revenue Service (IRS) assessed the Cookes, provided notice of the assessments, and demanded payment. Upon the Cookes' failure timely to pay their assessments, the IRS filed Notices of Federal Tax Liens against the Cookes. On July 23, 1990, the IRS seized the Cookes' house in Charlotte, North Carolina pursuant to 26 U.S.C. § 6331. On August 20, 1990, the IRS conducted a sale of the Cookes' house to McLaughlin pursuant to, and in compliance with, 26 U.S.C. § 6335. McLaughlin bought the house (and assumed the existing mortgage) for $8,000.

On February 11, 1991, the debtor filed his Chapter 13 bankruptcy petition. The court entered its Order for Relief on the same day. The debtor filed his proposed plan in which he contemplates paying McLaughlin $1,170 per month for the first seven months of the plan, or a total of $8,190 to McLaughlin. These payments to McLaughlin are intended as payments made to redeem the debtor's house sold to McLaughlin on August 20, 1990.

McLaughlin filed his Objection to Confirmation claiming that the debtor impermissibly is attempting to extend the redemption period beyond the period established in 11 U.S.C. § 108(b) and that the debtor is failing to pay McLaughlin interest at the rate of 20% over the time of the proposed redemption as required under 26 U.S.C. § 6337(b)(2).

On April 9, 1991, the debtor filed his Motion to Modify in which he proposes, among other things, to pay McLaughlin $1,950 for the first eight months of the plan, or a total of $15,600.

### DISCUSSION

McLaughlin's Objection to Confirmation requires the court to consider the interplay of section 6337(b) of the Internal Revenue Code and sections 108(b) and 362(a) of the Bankruptcy Code.

The Internal Revenue Code authorizes the Secretary of the Treasury to collect delinquent taxes through the seizure and the sale of delinquent taxpayer's property. *See* 26 U.S.C. § 6331, 6335. The Internal Revenue Code also governs the procedure at the sale of the property. After paying the full purchase price, the purchaser at the sale receives a certificate of sale. *Id.* at § 6338(a). A taxpayer, however, has 180 days beginning with the date of the sale to redeem real property sold pursuant to section 6335. *Id.* at § 6337(b)(1). To redeem the real property, the taxpayer must pay the purchaser the amount paid at the sale plus interest at the rate of twenty percent per year. *Id.* at § 6337(b)(2). If the taxpayer fails to redeem the property under section 6337(b), the purchaser exchanges the certificate of sale for a deed covering the real property. *Id.* at § 6338(b). The transfer of the deed operates as a conveyance of all of the taxpayer's right, title, and interest in the real property. *Id.* at § 6339(b)(2).

District courts have held that despite seemingly powerful equitable considerations, courts lack the power to extend the 180–day redemption period. *Howard v. Adle*, 538 F.Supp. 504, 509 (S.D.Mich.1982)

(finding that taxpayer failed timely to redeem property despite notice to taxpayer mistakenly providing taxpayer with extra day to redeem); *Anselmo v. James*, 449 F.Supp. 922, 924 (D.Mass.1978) (denying taxpayer's attempt to extend redemption period because of blizzard preventing all travel during final two days of redemption period).

Under section 108(b) of the Bankruptcy Code, a Chapter 13 debtor who may cure a default or perform any similar act within a specific time period which has not expired before the filing of the bankruptcy petition only may cure or perform before the later of the end of any such period or sixty days after the court enters the order for relief. *See* 11 U.S.C. § 108(b). The majority of courts have held that section 108(b) of the Bankruptcy Code is the only source for the extension of redemption periods. *See e.g., Heikkila v. Carver (In re Carver)*, 828 F.2d 463, 464 (8th Cir.1987); *Goldberg v. Tynan (In re Tynan)*, 773 F.2d 177, 179–80 (7th Cir.1985); *Federal Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428, 1436–40 (6th Cir.1985); *In re Martinson*, 731 F.2d 543, 544–45 (8th Cir. 1984); *Johnson v. First' Nat'l Bank of Montevideo*, 719 F.2d 270, 275–78 (8th Cir. 1983), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *In re Adams*, 86 B.R. 867, 870 (Bankr.E.D.N.C.1988); *In re Farmer*, 81 B.R. 857, 859–60 (Bankr.E. D.Pa.1988); *In re DiCello*, 80 B.R. 769, 772–73 (Bankr.E.D.N.C.1987). These same courts have recognized that the automatic stay provisions of section 362(a) of the Bankruptcy Code are inapplicable to, and do not toll, the expiration of redemption periods. *Carver*, 828 F.2d at 464; *Glenn*, 760 F.2d at 1436–40; *Johnson*, 719 F.2d at 275–78; *Adams*, 86 B.R. at 870; *Farmer*, 81 B.R. at 859–60; *DiCello*, 80 B.R. at 772–73. A minority of courts, however, have held that the section 362 automatic stay suspends the running of a redemption period. *See e.g., First Nat'l Bank of Vt. v. L.H. & A. Realty Co. (In re L.H. & A. Realty Co.)*, 57 B.R. 265, 267–68 (Bankr.D. Vt.1986); *In re Carr* 52 B.R. 250, 258–62 (Bankr.E.D.Mich.1985); *Jenkins v. Peet (In re Jenkins)*, 19 B.R. 105, 109–10 (D.Colo. 1982).

This court has been able to find only one case that specifically considers the interplay of sections 108(b) and 362(a) of the Bankruptcy Code and section 6337(b) of the Internal Revenue Code. *See Farmer*, 81 B.R. at 858–62. After considering the reasoning of both the majority and minority lines of cases, the *Farmer* court adopted the conclusion of the majority line of cases for primarily three reasons. *Id.* at 861. The *Farmer* court recognized, first, that the expiration of a redemption period, which merely is the running of time, is not a sufficiently affirmative act to constitute a violation of the automatic stay. *Id.* The *Farmer* court recognized, second, that in drafting the Bankruptcy Code, Congress specifically outlined redemption periods in section 108, but excluded them from the scope of the automatic stay by failing to refer to them in section 362. *Id.* The *Farmer* court reasoned that because one section of the Bankruptcy Code, section 108, specifically governed the issue, courts should not interpret another section in such a manner to cause an irreconcilable conflict. *Id.* (citations omitted). The *Farmer* court recognized, third, that by allowing section 362 to toll the redemption period, uncertainty in the real estate industry would result because of potential clouds on title. *Id.* (citing *Goldberg v. Tynan (In re Tynan)*, 773 F.2d 177, 179 (7th Cir.1985)).

Having reviewed the case law, this court finds the reasoning of the *Farmer* court and the majority of courts highly persuasive. This court adopts the *Farmer* court's conclusion.

This court finds that after the tax sale, the taxpayer had only a right of redemption in the property. The court finds, further, that the expiration of the redemption period provided in section 6337(b) of the Internal Revenue Code is not a sufficient affirmative act requiring the protection of the automatic stay and, therefore, does not constitute a violation of the automatic stay. The court finds, moreover, that the purchaser's exchange of the certificate of sale received at the tax sale for the deed to the

property is merely a ministerial act made necessary by the expiration of the redemption period and by the taxpayer's failure timely to redeem his property. This court concludes, therefore, that the redemption period provided in section 6337(b) of the Internal Revenue Code is not tolled by section 362(a) of the Bankruptcy Code upon the filing by the taxpayer of a bankruptcy petition. This court concludes, further, that upon the filing of bankruptcy, the debtor has until the expiration of the 180–day period provided in section 6337(b) of the Internal Revenue Code or the 60–day period provided in section 108(b) of the Bankruptcy Code, whichever is later, to redeem his property sold at a sale pursuant to section 6335 of the Internal Revenue Code.

Based upon the foregoing conclusions, the court must reject the debtor's attempt to redeem his property by making eight monthly payments in his Chapter 13 plan. Because the tax sale of the debtor's property occurred on August 20, 1990, the 180–day period provided in section 6337(b) of the Internal Revenue Code expired on February 15, 1991. Because the court entered its order for relief in the debtor's bankruptcy case on February 11, 1991, the sixty-day period provided in section 108(b) of the Bankruptcy Code extended the date for redemption to, and expired on, April 12, 1991. The redemption period ending on April 12, 1991, expired without the debtor properly redeeming his property.

The court, therefore, will sustain McLaughlin's Objection to Confirmation and will deny confirmation of the debtor's Chapter 13 plan.[1] Because of the denial of confirmation, the court will deny without prejudice the debtor's Motion to Modify. If the debtor proposes another plan, he may include in his new proposed plans the modifications contained in his Motion to Modify (except for the modifications pertaining to his attempt to redeem his property from McLaughlin).

NOW, IT IS ORDERED, THEREFORE, that:

1. McLaughlin's Objection to Confirmation is hereby *sustained;*

2. Consistent with the terms of this Order, the debtor's Motion to Modify is hereby *denied without prejudice;* and

3. Confirmation of the debtor's proposed Chapter 13 plan is hereby *denied.*

---

1. After concluding that the debtor has failed timely to redeem his property sold at the tax sale, the court finds it unnecessary to consider McLaughlin's objection that the debtor is failing to pay interest at the rate of 20% over the time of the proposed redemption as required under 26 U.S.C. § 6337(b)(2).